E. C. JONES v. COMMISSIONERS OF FRANKLIN.

*County Commissioners—Practice—Controversy without Action.*

1. The board of county commissioners is not such a judicial tribunal, that its decision in passing upon claims against the county can be reviewed on appeal. The proper remedy to test the validity of a rejected claim, is by civil action.

2. Appeals from the decision of the board acting under the provisions of the revenue law, are recognized by the act of 1881, ch. 117, § 24.

3. A controversy without action must be submitted to a court which would have had jurisdiction if the action had been commenced by summons; and it must also appear by affidavit that the same is real and in good faith.

　(*Boing* v. *R. R. Co.*, 87 N. C., 360, cited and approved).

Proceeding heard at January Special Term, 1883, of Franklin Superior Court, before *Philips, J.*

The plaintiff was register of deeds of Franklin county, and *ex officio* clerk to the board of commissioners, and as such presented a claim to the board for issuing orders on the treasurer of the county for the payment of money, to-wit: fifteen cents for each order, as provided in Battle's Revisal, ch. 105, § 25, subdivision 5, in addition to ten cents for recording each order.

The board allowed the latter sum, but refused the claim for the said additional sum of fifteen cents, and the plaintiff appealed to the superior court from the judgment of refusal.

His Honor sustained the ruling of the board, and gave judgment in favor of defendants for costs, from which the plaintiff appealed to this court.

*Mr. A. M. Lewis,* for plaintiff.
*Mr. Jos. J. Davis,* for defendants.

Smith, C. J. The case agreed, signed by the counsel of the contesting parties, and upon which the judgment was rendered

in the superior court, states, that the disputed claim was presented to the board of county commissioners for recognition and payment, and from their refusal to allow the same, an appeal was taken to that court. No transcript of. the action of the commissioners in the matter is sent up to that, or transmitted, in the appeal, to this court.

We know of no law that constitutes the board, in passing upon claims against the county, such a judicial tribunal that its decisions can be reviewed, and its errors corrected by an appeal to the superior court, whose appellate jurisdiction is derivative only and presupposes a right in the inferior tribunal to take judicial cognizance of, and try the cause. *Boing* v. *R. R. Co.,* 87 N. C., 360.

The proper course to test the validity of the rejected claim is to bring an action in the ordinary way before a justice or in the superior court, as the one or the other may have jurisdiction of the matter, against the commissioners. We cannot allow such a disregard of the established forms and modes of procedure, even with consent of counsel, without introducing confusion in the practice and in our judicial records. It is a case of *coram non judice,* and the proceeding must be dismissed.

The Code provides for submitting a controversy without action, but upon two essential conditions to a valid determination of the rights of the parties, neither of which are present here: 1. The submission must be made to a court which would have jurisdiction if the action had been commenced by summons. 2. It must appear by affidavit that the controversy is real, and the proceeding in good faith, to obtain a decision upon the rights of the parties. C. C. P., § 315; *Wilmington* v. *Atkinson, ante* 54.

It is true appeals have been entertained from the decision of county commissioners, acting under the provisions of the revenue law, and this was conferred in express terms by statute, and is recognized as a right of the tax-payer in the act of 1881, ch. 117, § 24.

The proceeding must be dismissed, and it is so ordered.

PER CURIAM. 8 Dismissed.