R. McMILLAN v. COMMISSIONERS OF ROBESON COUNTY.

*Appeal—Counties and County Commissioners.*

The statute does not provide for an appeal from the refusal of the county
commissioners to allow credits claimed by a sheriff in his settlement with
the county. His remedy to test the validity of his claim is by a civil action.

(*Jones v. Commissioners*, 88 N. C., 56, cited and approved).

MOTION to dismiss an appeal heard at Spring Term, 1883, of
ROBESON Superior Court, before *MacRae, J.*

This was an appeal to the superior court from the action of
the defendant board of commissioners in refusing to allow the
plaintiff, late sheriff, certain credits on his accounts with the
county. The defendants moved to dismiss the appeal. His
Honor granted the motion, and the plaintiff appealed.

Messrs. *French & Norment* and *Rowland & McLean*, for
plaintiff.
Messrs. *J. D. Shaw, T. A. McNeill*, and *Frank McNeill*, for
defendants.

MERRIMON, J.   The county commissioners of Robeson county
declined to allow the appellant, as the late sheriff of that county,
credit in his settlement with the county for certain taxes due and
uncollected from insolvents, as directed by the statute (Acts
1881, ch. 183), and from their refusal to allow such credit he
undertook to appeal to the superior court. That court, upon
motion of the appellees, made an order dismissing the appeal,
and the plaintiff appealed to this court.

It is manifest that the order of the court dismissing the sup-
posed appeal was a proper one. The county commissioners, in
the respect mentioned, possessed no judicial functions; their
duties and powers were purely ministerial; and their decision,
one way or another, was not conclusive upon the sheriff. He
could bring his action in the superior court, and obtain any

redress to which he may be entitled; or, it may be, if he is entitled as he contends, he can properly have redress in the action which the case upon appeal states has been brought against him by the commissioners. At all events, he cannot bring his cause of action into court in the way he has undertaken to do. There is no statute that allows an appeal in this or similar cases. This case is not unlike that of *Jones* v. *Commissioners*, 88 N. C., 56.

No error.                                         Affirmed.