DEBORAH TAYLOR LEE et al., Appellants, *v.* CHARLEMAGNE TOWER, JR., et al., as Executors et al., Respondents.

One who has accepted a benefit under a will, cannot be allowed to disappoint it, but must concede full effect to the dispositions thereof.

The will of T.. a resident of Pennsylvania, contained devises of real estate in this state in trust, which were in contravention of the statute limiting the period of suspension of the power of alienation. The will gave to the wife of the testator certain goods and chattels, a life estate in certain real estate and two-fifths of the income of his residuary estate, devised and bequeathed in trust, which included the lands in this state, which provisions were declared· "to be in lieu, substitution and satisfaction of her dower, thirds and all other interest in my estate, real and personal, and mixed." The widow voluntarily elected to accept the provisions of the will. Upon a case submitted under the Code of Civil Procedure (§ 1279), *held,* that the widow by her election to take the provision made for her in the will, consented to all the terms and conditions annexed, and yielded any right inconsistent therewith; and, therefore, she was not entitled to dower, at least in the absence of any offer to surrender the benefit she had received under the will and to take what the law would allow her; that the frustration of the wishes of the testator, as to the disposition of the income from the realty in this state, did not permit the court to disappoint his expressed intentions as to dower therein.

(Argued February 3, 1891; decided March 3, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 25, 1890, in a case submitted upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*Earl B. Putnam* for appellants. The evident design and intention of the testator, as shown by the whole scheme of

his will, and particularly by the directions as to immediate investment of the whole of the capital of the estate; and as to the ultimate division of the capital, in connection with the terms employed, point to the immediate conversion of the estate into money. (*Vanderpool* v. *Loew,* 112 N. Y. 167, 177; *Byrnes* v. *Stillwell,* 103 id. 453, 458; *Durour* v. *Motteaux,* 1 Ves. 320; *Burrell* v. *Baskerfield,* 11 Beav. 525; *Mower* v. *Orr,* 7 Hare, 473; *Affleck* v. *James,* 17 Sim. 121; *Wurtz* v. *Page,* 19 N. J. Eq. 365; *Belcher* v. *Belcher,* 38 id. 126; *Byrnes* v. *Baer,* 86 N. Y. 210; *Asche* v. *Asche,* 113 id. 232; *Lent* v. *Howard,* 89 id. 169; *Livingston* v. *Murray,* 39 How. Pr. 102; *Dodge* v. *Pond,* 23 N. Y. 69; *Van Vechten* v. *Van Vechten,* 8 Paige, 104; *Haxton* v. *Corse,* 2 Barb. Ch. 519; *Fisher* v. *Banta,* 66 N. Y. 468; *Power* v. *Cassidy,* 79 id. 602.) The testator having directed the immediate conversion of the New York lands into money, the will must be construed according to the laws of Pennsylvania, where it is valid as a will of personal property. (Pom. Eq. Juris. §§ 1159, 1164; *Hobson* v. *Hale,* 95 N. Y. 588; *Despard* v. *Churchill,* 53 id. 192, 200; *Parsons* v. *Lyman,* 20 id. 103; *Chamberlain* v. *Chamberlain,* 43 id. 424; *Vansart* v. *Roberts,* 3 Md. 119; 1 R. S. 734, § 96.) If the court shall declare the will invalid, so far as it affects the real estate situate within the state of New York, then the widow is entitled to dower in the New York lands. (*Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *In re Benson,* 96 id. 499; Pom. Eq. Juris. § 484; *Howe* v. *Van Schaick,* 7 Paige, 221, 232; *Maxwell* v. *Maxwell,* 2 DeG., M. & G. 705.)

*Henry T. Utley* for respondents. The *lex loci rei sitae* applies and governs in the construction of all wills of real estate, while the *lex domicilii* governs in reference to wills of personal estate. (33 N. Y. 558, 561; 47 id. 389; 4 Den. 305; 46 N. Y. 144; 52 Barb. 296.) The trust provided for in the will is in contravention of the statute which provides that the absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than dur-

ing the continuance of not more than two lives in being at the creation of the estate. (2 R. S. chap. 1, tit. 2, § 14; 3 Kent's Comm. 514; 4 id. 3, 4; *Hobson* v. *Hale*, 95 N. Y. 588; *Boynton* v. *Hoyt*, 1 Den. 53; *Hawley* v. *James*, 16 Wend. 61; *Garvey* v. *McDavitt*, 72 N. Y. 556; *Amory* v. *Lord*, 9 id. 413.) It is claimed that by the provisions of this will it is made apparent that the testator intended the real property devised to the trustees in trust should be sold, and the proceeds of sale invested for purposes of the trust, thereby creating an equitable conversion of the same, in which case the will is governed by the law of the state of Pennsylvania, and under that law is valid. Such a construction as to the intention of the testator would nullify the discretionary authority given to the trustees by the seventh item of the will to sell the real property, and thereby make a sale by them imperative. (*Asche* v. *Asche*, 113 N. Y. 235; *Hobson* v. *Hale*, 95 id. 588; *Newell* v. *Nichols*, 75 id. 78; *White* v. *Howard*, 46 id. 144; *Gourley* v. *Campbell*, 66 id. 169; *Harris* v. *Clark*, 7 id. 242; *Slocum* v. *Slocum*, 4 Edw. 613; *Phelps* v. *Pond*, 23 N. Y. 69; *Power* v. *Cassidy*, 79 id. 602; *Amory* v. *Lord*, 33 id. 419; *Lynes* v. *Townsend*, 33 id. 558.) If the will did not contain the provisions hereinbefore set forth, which are circumstances positively showing that there was not an intention of the testator to convert his real into personal estate, still, there would not be any grounds for holding that there was an equitable conversion within the rules laid down by the court in the above cases, for, in the absence of those circumstances, the provisions of the will would be of such a character as to leave no question of fact that the testator did not intend the real estate should be sold in any event. (*Van Nostrand* v. *Moore*, 52 N. Y. 12; *Trustees, etc.,* v. *Fitzhugh*, 27 id. 130.) The statute provides that if provision by will is made in lieu of dower, the widow must make her election (1 Stat. at Large, 693), which she has done in this case. Her acceptance of these provisions having been made in Pennsylvania and under the laws of that state, must be regarded as valid and binding upon her wherever any of the property may be situate, of which the testator died

seized. By accepting these provisions, she assents to all the terms and conditions annexed to them, and yields every right inconsistent with such terms and conditions. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424, 442; *Palmer* v. *Voorhis*, 35 Barb. 479; *Vernon* v. *Vernon*, 53 N. Y. 351; *Howe* v. *Van Schaick*, 7 Paige, 221; *Orton* v. *Orton*, 3 Keyes, 486; *Caulfield* v. *Sullivan*, 85 N. Y. 153; *Larrabee* v. *Van Alstyne*, 1 Johns. 307; *Adsit* v. *Adsit*, 2 Johns. Ch. 448, 451.)

PARKER, J. This controversy was submitted without action pursuant to the provisions of section 1279 of the Code of Civil Procedure.

Charlemagne Tower, a resident of Pennsylvania, died leaving a last will and testament which was admitted to probate at Philadelphia, May 21, 1889, and subsequently duly recorded in the counties in this state wherein are situated the lands which occasion this contest.

The questions submitted were whether the provisions of the will, so far as they related to real estate situated in the state of New York were valid, and if invalid, whether the widow of Charlemagne Tower has a dower interest therein.

The court adjudged that the attempted disposition of such real estate was invalid because in contravention of the statutory provision that the absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate.

We agree with the conclusion reached by the learned General Term, as well as the reasoning on which it was founded. It is deemed unnecessary, therefore, to refer to the provisions of the will which fully appear in the opinion of the General Term.

That court also held that the widow is entitled to dower in the real estate situated in this state as to which it was adjudged the testator died intestate. In that view we do not concur.

The testator, after providing for the payment of debts and funeral expenses, gives to his wife absolutely his household

goods, horses and carriages; also the occupation and use of his residence in the city of Philadelphia, during her natural life, and directs that the taxes, water rent and repairs thereon during her occupancy shall be paid out of the income of his estate. All the rest of his property he devises and bequeaths in trust and directs, among other things, that four-tenths of the income thereof shall be paid to her during the term of her natural life.

The will further provides as follows: " The provisions herein made for the benefit of my dear wife I declare to be in lieu, substitution and satisfaction of her dower, thirds, and all other interest in my estate, real, personal and mixed." And the widow has elected to accept the provisions of the will.

It may be observed that this is not an action brought to relieve the widow from the effect of her election on the ground that it was induced through mistake, she at the same time offering to surrender the benefits which the testator declared to be given in lieu of dower. It is not suggested that the widow would now prefer to take that which the law would allow her had she refused to accept the provisions of the will.

The position she assumes, and which has been sustained by the General Term, is that the testator intended that she should have two-fifths of the income of the land in question, and that as such intention has been frustrated by the statutes of this state she is entitled to dower in such land and still retain the benefit of the provisions of the will giving to her certain property absolutely, with the use of other property during life, and two-fifths of the income of that which passed to the executors in trust, notwithstanding the declaration of the testator that if accepted it must be " in lieu, substitution and satisfaction of her dower and thirds and all other interests (not in the estate disposed of by the will, but) in my estate, real, personal and mixed." Including necessarily that of which the testator died intestate as well as testate.

When the widow accepted the provision made for her she, in legal effect, consented to all the terms and conditions annexed to it, and yielded every right inconsistent therewith.

No one can be allowed to disappoint a will under which a benefit is accepted, but on the contrary must concede full effect to the dispositions thereof. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424–442.) And when one is thus put to an election it matters not whether that which is taken turns out to be greater or less in value than that which is surrendered. (*Brown* v. *Knapp*, 79 N. Y. 136–143.)

We have then a bequest coupled with a condition and an acceptance thereof.

The condition in clear and comprehensive terms provides that the acceptance of the bequest by the legatee must be in lieu of dower. It makes no exception. It was evidently the intention of the testator that there should be none. And the court must so declare. But, it is said the testator intended that she should have two-fifths of the income of the real estate of which he died intestate. True, and that fact gives support to that which seems obvious on a mere reading of the condition, that it was the intention of the testator that the widow should not have dower in these lands. He intended, and attempted, to provide that she should have two-fifths of the income. That attempt was unsuccessful because in some respects the provision was in hostility to the statute. Effect, therefore, cannot be given to the testator's intention in that direction. But the frustration of his wishes as to the disposition of the income of this real estate, by the operation of the statute, does not permit the court to disappoint his expressed intentions in regard to dower. The miscarriage of his plans, therefore, cannot be partially remedied by an adjudication that she is entitled to dower in such lands, for the court is without power to so adjudicate. It can no more relieve the widow from a full operation of the intentions of the testator, than it can from the effect of the statute. The duty of the court in the premises is to construe the will, not to make one. It cannot correct the testator's mistakes nor piece out the equities according to the conscience of the court. The testator having, contrary to his intention, died intestate as to a portion of his property, the statute, not the court, declares who are interested in it. The widow might

have been, but she elected otherwise and thus relieved the real estate from the burden of dower. (*Chamberlain* v. *Chamberlain*, 43 N.Y. 424; *Matter of Benson*, 96 id. 499; *Vernon* v. *Vernon*, 53 id. 351–362; *Caulfield* v. *Sullivan*, 85 id. 153; *Hone* v. *Van Schaick*, 7 Paige, 221–232.)

The doctrine of estoppel cannot be invoked against the heirs for there is nothing on which to found it. The widow does not claim to have been misled into the making of an election by anything which they said or did. It is not even suggested that had she been put to her election with knowledge of the invalidity of so much of the will as related to the New York real estate, she would have acted differently.

The judgment should be modified by striking out the following "subject, however, to the right of dower therein, of the defendant Amelia Malvina Tower, widow of the said Charlemagne Tower, deceased, to be admeasured the same as if he had died intestate," and, as thus modified, affirmed with costs to both parties payable out of the estate.

All concur.

Judgment accordingly.