FIRST NATIONAL BANK OF WINSTON v. WACHOVIA LOAN AND TRUST COMPANY, Trustee of H. H. REYNOLDS.

*Purchaser of Accommodation Accepted Drafts—Right of Action Against Assignee of Drawer's Debt Against Acceptor.*

S., for the accommodation of R., accepted the latter's time drafts, which plaintiff purchased before maturity. R. then made an assignment to defendant for benefit of creditors, making preferences which did not include plaintiff's debt. Among the assets assigned was an open account of R. against S., who executed a note for the same to the defendant as assignee of R., paid a part thereof and then became insolvent; *Held,* that plaintiff has no right of action against defendant to recover the amount collected by it on the debt assigned to it by R. against S.

CONTROVERSY without action, heard before *Hoke, J.,* at August, 1896, Term of FORSYTH Superior Court. The facts appear in the opinion of Associate Justice FURCHES. Judgment was rendered in favor of the plaintiff for $794.20 and defendant appealed.

*Messrs. Watson & Buxton,* for plaintiff.
*Mr. J. L. Patterson,* for defendant (appellant).

BANK *v.* LOAN AND TRUST COMPANY.

FURCHES, J.: This is a submission without action upon the facts agreed under Section 567 of *The Code.* When the case was docketed in this Court it did not contain the affidavit required by the statute. But upon motion of plaintiff (the defendant being present and not objecting) the plaintiff was allowed to file the required affidavit and the Court proceeded to hear the case.

Upon the hearing below, the court rendered judgment for the plaintiff. In this there is error.

Reynolds drew on Sterns & Ray, and they accepted these drafts, which the plaintiff discounted for Reynolds before they were due. After this Reynolds failed in business, made an assignment of all his assets to the defendant as trustee for the benefit of his creditors, in which some creditors were preferred to others.

At the date of the assignment Stevens & Ray were owing Reynolds, on account of tobacco shipped to them, the sum of $1,662.96, for which sum Stevens & Ray have, since the assignment, executed their notes to the defendant as trustee aforesaid, and have, since the execution of said notes, paid thereon the sum of $794.20. Plaintiff, being the assignee and owner of these accepted drafts, which were then and are now unpaid and unsecured in the deed of assignment, has brought suits against Stevens & Ray, upon a part of which it has recovered judgment. But Stevens & Ray being now insolvent, the plaintiff in this controversy claims judgment against the defendant for the $794.20 which Stevens & Ray have paid to it. It is stated and admitted that these drafts were what is called accommodation drafts, drawn and accepted for the benefit of Reynolds and discounted by him at the plaintiff bank.

When Stevens & Ray accepted these drafts they became the principal debtors. And when they were discounted and assigned to plaintiff bank, Stevens & Ray became the

debtors of the plaintiff.   Daniel's Neg. Inst., Sec. 532.   It is true that, as to Stevens & Ray and Reynolds, a different relation existed.   But they had no right to charge Reynolds with these drafts until they paid them; nor had Stevens & Ray any right of action against Reynolds until they paid the drafts.   Daniel, *supra*, Sec. 532.   The plaintiff took these drafts before they were due and free from all equities.   And we are not to be understood by this as saying that, if they had been past due, the law would have been different.   Daniel, *supra*, Secs. 786, 790.   These statements disclose the facts that Stevens & Ray were indebted to plaintiff on these accepted drafts, and were also indebted to Reynolds, the defendant's assignor for tobacco shipped to them by Reynolds.   This last debt for tobacco Reynolds has assigned to the defendant, and Stevens & Ray have paid a part of it to the defendant.

How the plaintiff can collect money out of the defendant that has been paid to it in part satisfaction of a debt due by Stevens & Ray, we are not able to see.   The only way it could do this would be to show that there had been some legal appropriation by Reynolds of the debt against Stevens & Ray to the payment of the plaintiff's debt, so as to give the plaintiff a lien prior to the assignment to defendant.   *Vaughan* v. *Jeffreys*, at this Term.   This plaintiff has not done or attempted to do.

The doctrine of counter-claim is not involved.   There is error and the judgment is reversed.

                                                Reversed.