C. W. GRANDY & SON v. N. J. GULLEY, Assignee of B. W. Ballard.

*Controversy  Without  Action—Necessary  Affidavit—Jurisdiction.*

In order to give the court jurisdiction of a controversy submitted without action under section 567 of *The Code,* it is necessary that the affidavit required by the statute must be made showing that the controversy is real and the proceeding in good faith and that the court would have had jurisdiction if the proceeding was by summons.

CONTROVERSY without action, submitted upon facts agreed, and heard before *Boykin, J.,* at October Term, 1896, of WAKE Superior Court. The affidavit required by Section 567 of the Code was not made or does not appear in the record. Judgment was rendered for the plaintiffs and defendant appealed.

BLAKE *v.* BLAKE.

*Mr. T. M. Hawkins,* for plaintiff.
*Mr. R. C. Gulley,* for defendants (appellants).

FAIRCLOTH, C. J.: This controversy was submitted without action, under *The Code,* Sec. 567, upon an agreed state of facts. We cannot enter into the merits of the controversy, for the reason that the affidavit required by the Statute was not made or does not appear in the record. This mode of proceeding is unknown to the common law, and unless. the positive requirement of the Statute is observed the court is without jurisdiction.

It must appear by affidavit that the court would have jurisdiction if the proceeding was by summons; also that the controversy is real and the proceeding is in good faith. *Jones* v. *Commissioners,* 88 N. C., 56; *Arnold* v. *Porter,* 119 N. C., 123.

In *Bank* v. *Loan & Trust Co.,* 119 N. C., 553, on motion, the defendant being present in this court and not objecting, the plaintiff was allowed to file the required affidavit, and the court proceeded to hear the case.

Proceeding Dismissed.