### ROESSLE v. ROESSLE et al.

(Supreme Court, Special Term, New York County.   July 17, 1913.)

1. WILLS (§ 778*)—ELECTION—LAW GOVERNING.

The right of testator's widow to dower in lands in New York is governed by its law, the common law, as to election, and not by a statute of the place of his domicile, requiring any provision of the will for her to be construed in bar of her dower rights, unless otherwise expressed in the will, unless she files renunciation of such provision.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2004, 2006, 2010; Dec. Dig. § 778.*]

2. WILLS (§ 782*)—ELECTION—PROVISION FOR WIFE.

A will, which gives all the residue of testator's estate of every nature and wherever situated, whether then owned or afterwards acquired by him, to his wife, his son, and his daughter, "absolutely and in fee simple, share and share alike," is inconsistent with her also having dower, and so requires her to elect.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

Action for dower by Nellie Taylor Roessle against Elwood Osborne Roessle and another. Judgment for defendants.

Evarts, Choate & Sherman, of New York City (Joseph H. Choate and Joseph H. Choate, Jr., both of New York City, of counsel), for plaintiff.

Wilder, Ewen & Patterson, of New York City (William R. Wilder and John Ewen, both of New York City, of counsel), for defendant Roessle.

Hun & Parker, of Albany (Marcus T. Hun, of Albany, of counsel), for defendant McKinney.

GIEGERICH, J. The testator died on August 10, 1904, a resident of the District of Columbia. He left real property both in the District of Columbia and in this state. By his will he gave certain general and certain specific legacies to his widow and others, and then provided as follows:

"Sixth. All the rest, residue and remainder of my estate of every kind and description, real, personal and mixed, wheresoever and howsoever situated, now *owned* or that may hereafter be acquired by me, I give, devise and bequeath unto my wife, Nellie Taylor Roessle, my son, Elwood Osborn Roessle, and my daughter, Marion Louise McKinney, *absolutely and in fee simple, share and share alike.*"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The persons named in this clause of the will all survived the testator and are the parties to this action. The will was admitted to probate on September 9, 1904, by the Supreme Court of the District of Columbia, holding a probate court, and was recorded in the office of the register of wills of the District of Columbia, and a copy of said will and the record thereof and of the proofs duly authenticated were, on December 13, 1904, recorded in the office of the surrogate of the county of New York. At the time of the testator's death a statute of the District of Columbia provided, in effect, that any provision made for the wife of a testator by his will should be construed as intended to be in bar of her dower rights unless otherwise expressed in the will, and that the widow should be barred of her right of dower by such provision in the will unless within six months after the granting of administration she should file a written renunciation of the testamentary provision in her favor. The widow did not renounce under this statute, but has accepted the specific legacies given her by the will, and has also accepted her share of the residue of the personal estate and one-third of the income of the real property. She now brings this action for dower and mesne profits in the lands situate in this state.

[1] Whether or not the plaintiff is entitled to dower in the real property situate within the state is a question which must be determined by the law of this state; and the law of this state is that she is so entitled unless she has elected to take a provision made for her by the will of her husband in lieu of such dower. Real Property Law (Consol. Laws 1909, c. 50) §§ 200, 201. If the will here in question made any provision in favor of the widow in lieu of her dower in the lands situate within this state, and she accepted such provision, she is bound by her election, and it is immaterial what the provision was, or where the property, real or personal, of which it consisted, was situated. Lee v. Tower, 124 N. Y. 370, 26 N. E. 943. The statute of the District of Columbia cannot, however, affect the question. That statute could only affect the widow's right to dower in the lands situate within that jurisdiction—a matter not in issue here. In other words, it was entirely possible for the testator, though domiciled in the District of Columbia, so to draw his will that his widow would have been obliged to choose between her dower in the lands situate in the state of New York and the provision made for her by the will; but it is quite impossible that she should be forced to make such election by virtue of the statute of the District of Columbia.

[2] The whole question, therefore, is whether the provisions of the will were such as to put the widow to her election, or whether she could take the devises and bequests given her by the will and still claim her dower in the lands within this state; and that is a question of interpretation to be determined exclusively by the common law of this jurisdiction. If the claim of the widow were sustained, she would be entitled to have one-third of the lands set apart to her for her life as dowress; as devisee she would take a two-ninths interest in fee. simple in possession in the remaining lands and a one-ninth interest in remainder after the termination of her dower estate. The defendants would each take an estate in fee in possession in an undivided two-ninths of

the property and a remainder in fee after the widow's life estate in an undivided one-ninth of the property. It seems to me that it is quite impossible to hold that the intention of the testator, as expressed in his will, is consistent with such a result. He undertook to dispose of all the real property which he owned at the time when he made his will or which he might thereafter acquire, and he desired that it be divided between his widow and his two children, share and share alike, absolutely and in fee simple. Many cases are cited by counsel for both sides which they claim sustain their respective contentions. It would not be profitable to review them, because the whole question is one of the testator's intention to be gathered from the language he has used. Matter of Gorden, 172 N. Y. 25, 28, 64 N. E. 753, 92 Am. St. Rep. 689. Where such intention is plain, the case cannot be aided by the attempted application of rules of construction or the citation of decisions made in construing other wills, where either the language of the will or other circumstances of the case differed from those in the case at bar. In the present case I think the testator has expressed his wishes in a manner too plain to be mistaken, and that his intentions concerning the disposition of his property are wholly inconsistent with the claim made by his widow.

There will be judgment for the defendants dismissing the complaint upon the merits, with costs. Submit requests for findings, with proof of service.