EDWARD J. FLETCHER v. GLENCOE DITCHING COMPANY AND OTHERS.[1]

January 24, 1919.

No. 20,964.

**Drain — trespass — measure of damages — venue — collateral attack — eminent domain.**

In this, an action for trespass for entering upon and constructing a

[1] Reported in 170 N. W. 592.

plow ditch through a quarter section of plaintiff's land in Big Stone county, it appears that said quarter section adjoined 120 acres owned by plaintiff in Swift county and that the 280 acres constituted a single farm and was so used. It is *held*:

(1) The court did not err in holding that, if there was a trespass, the difference in market value of the farm as a whole immediately before the construction of the ditch and its value immediately after such construction was the measure of the damages sustained.

(2) The district court of Swift county had jurisdiction, even though that part of the farm whereon the ditch was constructed was wholly in Big Stone county.

(3) It was error to exclude the ditch proceedings under which defendants justified their entry upon plaintiff's land. Said proceedings showed a proper petition for the extension of an existing ditch, notice of hearing thereon to plaintiff, the order made by the county board which, with the plats, located the ditch extension through plaintiff's land with sufficient certainty, and plaintiff's appeal from the order. It is *held* that plaintiff could not sit by and let the ditch be constructed and then attack the validity of the ditch extension collaterally in this action for trespass. His remedy was in the proceeding by certiorari, or by appeal as to damages.

(4) It cannot be said, on this record, that in the construction of the ditch defendants did not confine the same to where it was located by the engineer and established by the order. The burden was on plaintiff to prove to what extent, if any, defendants had worked upon lands not embraced within the limits of the ditch as laid out.

(5) In ditch proceedings the damages to a landowner are secured, and such damages need not be paid before construction begins where there is an appeal.

Action in the district court for Swift county to recover $4,400 for trespass. The facts are stated in the opinion. The case was tried before Daly, J., who when plaintiff rested granted defendant De Wall's motion to dismiss with prejudice the action as to him, and at the close of the testimony denied defendant Dresser's motion to dismiss the action as to him. The court directed the jury to find nominal damages for the plaintiff and then proceed to add to the nominal damages what actual damages plaintiff suffered, and add that to the nominal damages. The jury returned a verdict for $565. From an order denying their motion

for a new trial, defendant ditching company and defendant Dresser appealed.   Reversed.

*Cliff & Purcell,* for appellants.

*Raymond H. Dart,* for respondent.

HOLT, J.

In 1907 Ditch No. 2 in Big Stone county was established.   It ran in a southeasterly direction, following a natural draw and terminating in a sort of a run or ravine at the center of section 36, township 121, range 44.   This ravine crosses the easterly line of the section near the southeast corner thereof, cuts through the southwest corner of the adjoining section 31, in range 43, so as to leave a small patch, apparently less than a quarter of an acre of that section, south and west of the run, and then passes southerly and easterly into section 1 of township 120, range 44.   Plaintiff owns the southeast quarter of section 36 and also the west half of the southwest quarter, and the southwest quarter of the northwest quarter of section 31.   The land in range 43 is in Swift county, and the line which separates ranges 43 and 44 is the boundary line between it and Big Stone county.   Plaintiff has for many years farmed these 280 acres as one farm, the buildings being situated in the southwest corner of said section 31, just north of the ravine described.

In August, 1915, a petition was presented to the county board of Big Stone county asking that County Ditch No. 2 be repaired, deepened, widened and extended from the ending or outlet of said ditch through the southeast quarter of section 36, township 121, range 44, and nearly through the center of section 1 in township 120, range 44, to the intersection of a natural watercourse, known as Stony Run.   The county board acted on the petition, appointed an engineer and viewers, and designated June 27, 1916, as the time for considering the petition and the engineer's and viewers' reports.   Due notice of the hearing was published and served upon all persons interested.   An order was made establishing the extension in a modified form from that recommended by the engineer, and the meeting adjourned till August 8, at which time the previous order was amended so as to "confine the work of cleaning out and extension of said ditch to that portion thereof as shown on his (engineer's) plat thereof, commencing at a point marked 'R' on the said

plat near the north and south quarter line of section 21, Twp. 121, R. 44; thence easterly and southeasterly along the course of the Ditch No. 2 as now laid out to a point marked '11' on said plat, said point 11 being the end of the present ditch as now constructed. And (outlet), that an outlet be constructed from said point 11 in a southeasterly direction across the southeast quarter of section 36, said town and range to a point marked '17' on said plat near the east line of said section; thence south on the west side of said east line of said section to a point 2 rods south of the south line of said section; thence in a southeasterly direction on section 1, township 120, range 44, to an outlet in the natural creek or waterway at station 492 plus 30, and there terminating, and the said engineer's report is hereby to such extent approved and adopted, all in pursuance of a motion duly made and carried and entered on the minutes of this board; and the report of the viewers herein this day submitted, hereby is in all things approved and adopted in pursuance of a motion this day duly made and carried at the meeting and entered on the minutes of this board, except that all damages mentioned in said report are eliminated and stricken out except the sum of $30.00 awarded to O. L. Schoening, for the west half of the northwest quarter of section 1, twp. 120, range 44, in said county, and $330.00 to Edw. J. Fletcher, to S. E. ¼ of Sec. 36, Twp. 121, R. 44.

"Dated Aug. 8, 1916."

Plaintiff appeared at the hearings, and, on the twenty-fifth day of August, 1916, he appealed from the order of August 8 to the district court, and asked a jury trial to determine the benefits and damages to him. The notice of appeal also challenged the jurisdiction of the county board to make the order, but no grounds for so doing were given. The board duly let the work to the defendant company, and it completed the same in the fall of 1916. There is a jog in township 120, range 44, so that instead of section 1 thereof being directly south of section 36 in township 121 of the same range, three-fourths of said section 1 are east of the easterly line of section 36 and directly south of section 31, township 121, range 43. To avoid entering upon any land in Swift county, the county board evidently refrained from crossing the easterly line of section 36 where the run does, and when within a few feet of that line ran the ditch due south into said section 1 two rods, and thence south-

easterly into the run or natural watercourse. The evidence seems to indicate that plaintiff desired a deviation here rather than following the ravine through his barnyard in Swift county. But this feature of the situation is, perhaps, of no controlling importance.

Instead of prosecuting his appeal plaintiff let it rest, and February, 1917, brought this action in the district court of Swift county in trespass. The defendants in their answer justified the entry upon plaintiff's land in Big Stone county under the proceedings to repair, deepen and extend County Ditch No. 2, hereinbefore referred to, alleging that the county had let the construction of the ditch extension to the defendant company in said proceeding, and pursuant thereto it constructed the ditch through said section 36, defendant Dresser being its superintendent; they also averred that the court had no jurisdiction to try the case, since they had not worked or trespassed upon any lands in Swift county. The court on the trial held the ditch proceedings so far as the same related to plaintiff's land invalid, and directed the jury to determine the damages plaintiff sustained because of defendants' construction of the ditch. The jury returned a verdict in favor of plaintiff for $565, and defendants appeal from the order denying a new trial.

The argument of the defendants, upon the assignments of error, centers upon three legal propositions: (1) The plaintiff having been a party to the ditch proceeding, having appeared at the hearing, and having appealed from the order made therein, is now estopped from commencing an independent action for damages growing out of the work done under the proceedings, and cannot in this action subject said proceedings to a collateral attack; (2) there having been no invasion of the land in Swift county, the jury should not have been allowed to include in the verdict any amount for depreciation in value of the part of the farm therein located; and (3) the court had no jurisdiction of the cause since defendants did not plow up, ditch or enter upon any land in Swift county.

The two last propositions may be disposed of in a few words. The record is conclusive that plaintiff's 280 acres constituted a single tract or farm and was so used. If there was a permanent injury done any portion of this single tract, it might affect the value of the whole thereof and not merely the portion disturbed. And the measure of damages would nat-

urally be the difference in value of the whole tract before and after the injury. We think the learned trial court applied the correct rule of damages, provided plaintiff made out a case of trespass.

As to the proposition that the district court of Swift county was without jurisdiction, in addition to what has been said that the 280 acres constituted one farm or single tract so that the disturbing conditions upon one part may be considered as a damage or injury to the whole, it may be stated that the record reveals that some of the machinery, while used in digging the ditch, was placed for a short time upon the Swift county part of the farm, and left some holes thereon, hence a technical trespass may be found in that county sufficient to sustain jurisdiction.

The main question in the case is whether the proceedings to repair, deepen and extend County Ditch No. 2 in Big Stone county are so irregular and lacking in the essentials called for by our drainage laws that they may be treated as null and void and totally ignored by one who was properly cited to appear and who did appear therein, and who also availed himself of the remedy afforded by the proceedings.

It is to be noted that the county board is invested with full power and jurisdiction to repair, deepen, widen and extend established drainage ditches. Section 5552, G. S. 1913, as amended by chapter 300, Laws 1915, clearly covers a situation where there is a necessity for repairing, deepening and extending an existing ditch, and prescribes the procedure fully and minutely. The necessity here existed, and the procedure described was substantially followed. The petition and the orders of the county board plainly indicate the starting point of the extension to be the outlet of the established ditch as it was left by its construction. And when the plat of the old ditch is examined, it appears that the waters conveyed by it to the outlet flowed into this natural run or ravine which passed through plaintiff's land. The plats, prepared by the engineer for the extension, coincide substantially with the course given in the old plat for the discharge of the drainage waters thereof through this natural watercourse. The evidence also makes clear the location of this ravine through plaintiff's farm, in which the water discharged by County Ditch No. 2 was flowing almost continuously. No other feasible outlet could be provided for Ditch No. 2 than along this ravine. All persons affected by the proposed undertaking so understood. Plaintiff's own engineer

testified that there was no difficulty in locating the extension of the ditch from the engineer's plats. We think the learned trial court erred in holding the ditch proceedings so defective as to the location of the extension as to be inadmissible in evidence to establish the defense pleaded.

There can be no doubt that the petition for this extension and the subsequent steps taken gave the county board jurisdiction to establish a ditch through the southeast quarter of said section 36. County of Martin v. Kampert, 129 Minn. 151, 151 N. W. 897. Plaintiff's land in said section was described as part of the land through which the extension would pass, he was served with notice of the hearing, he appeared therein, and he took an appeal from the order of August 8, the final order establishing the extension. He then sat by until the contract was let and the work completed, and then comes with this action for trespass. We think plaintiff is not now in a position to collaterally question the regularity or validity of the proceedings laying out this extension of Ditch No. 2 through his land. He had a full and complete remedy in the proceedings to which he was a party. By certiorari he could test their validity; by appeal he could contest the sufficiency of the damages awarded or the benefits assessed. The latter he has attempted. We think that the action of trespass does not now lie, so far, at least, as defendants confined their operations to the land appropriated by the proceedings for the ditch extension.

This conclusion follows from the decisions of State v. Johnson, 111 Minn. 255, 126 N. W. 1074, and Slingerland v. Conn, 113 Minn. 214, 129 N. W. 376. If a party to a drainage proceeding is concluded thereby so that he cannot assail its validity when called upon to pay the tax extended against his land on account of benefits assessed for the drainage, or if he is so bound that an injunction against the ditch contractor will not lie where he, the landowner, has not availed himself of the remedies in the proceeding to which he was a party to test the validity of the order laying out the ditch, it should be equally true that the ditch proceedings protect the ditch contractor against any attempt by the landowner, who is a party to the proceedings, to secure damages in an independent trespass action for an entry upon the portion of the land upon which the ditch is laid. The cases of Jurries v. Virgens, 104 Minn. 71,

73, 116 N. W. 109, and Lager v. County of Sibley, 100 Minn. 85, 110 N. W. 355, cited and relied on by plaintiff, are not applicable to the facts herein. In the first mentioned case it was held that there was such a radical departure by the engineer and county board from the ditch petitioned for that the order establishing the ditch was void, that is, there was want of jurisdiction; and in the second, under the law as it then existed, it was decided that extending a ditch for seven miles beyond the terminal petitioned for was unreasonable and void as to lands affected by the extension. In both cases it appears that the plaintiffs asked for an injunction before any work was done.

But respondent contends that even if the proceedings be held sufficient for the establishment of a ditch through his land, the ditch constructed by defendants deviated from the one established so radically that defendants can be held as trespassers for all they did on the farm. We do not sustain this contention. The ditch as plowed and constructed was confined to the ravine mentioned, the natural outlet of the drainage basin of County Ditch No. 2, with the exception before noted, whereby an entry of Swift county was avoided. With respect to this deviation plaintiff's wishes were consulted, and the jury might have found that they were followed. It is true that the evidence tends to show that the ditch as constructed did not at all places coincide with the engineer's plats offered by defendants; but a failure by a ditch contractor to conform in all details to the plans and specifications of the engineer does not render him liable as a trespasser as to the whole construction. The record here indicates a substantial performance of the contract made with the county board for this extension. The engineer testified that the ditch as constructed began and ended on plaintiff's land at the points designated on the plats, and that it was plowed or constructed through the ravine in accordance with his direction. If there was a departure from the ditch as laid, the extent thereof was not shown, but the jury were allowed to consider all that was done as a wrongful invasion of plaintiff's premises.

We think the burden was on plaintiff to show wherein defendants departed from the plans and to what extent this farm was damaged by work done on the southeast quarter of said section 36 outside of the limits of the established ditch. For what was done within the limits

thereof, in accordance with the engineer's plans and specifications, plaintiff cannot now complain. As we have held that the proceedings in this ditch extension offered in evidence showed a ditch lawfully established upon plaintiff's land, the contractor and its superintendent could rightfully go upon the part where it was laid and do the ditching required. It was incumbent on plaintiff to prove a departure from the lines of the ditch and the consequent damage. There was no attempt to do this. Both plaintiff and the court proceeded on the theory that no ditch was established. We think this was error. There can be no doubt that a ditch contractor is liable in damages, if he enters land outside of the part taken for the ditch established. The remedy may be an action in trespass or an action on the bond. But in an action for trespass the burden of proof is as above indicated; and in the trial had the evidence was not so directed to the damages sustained by a departure from the established ditch that the jury could correctly predicate a verdict thereon.

There is nothing in respondent's point that the record fails to show payment of the damages awarded him in the proceeding. That is not a prerequisite to constructing a ditch where there has been an appeal from the amount awarded. Section 5533, G. S. 1913. Payment is secured in the proceeding itself. The order is reversed.

On February 28, 1919, the following opinion was filed:

PER CURIAM.

It is true that plaintiff's plat, not in the return when the case was argued, but submitted with the petition for re-hearing, shows a deviation from the ditch established by the county board, crossing and recrossing the latter at many points. But the plat is somewhat misleading in that the plow ditch made by defendants and the location of the ditch established by the board are both indicated by single lines. The width of the ditches is not shown. Were that done the two would occupy more ground in common than the present plat would indicate. But be that as it may, it is certain that a ditch was lawfully located in the ravine where defendants made the plow ditch. Damages have been awarded plaintiff for such location. And it seems to us that if there has been a trespass the extent thereof and resulting damages cannot be arrived at with justice to the parties without the court and the jury taking into considera-

tion the duly located ditch and that compensation therefor has been provided, such compensation, however, is not to reduce the damages resulting from work done outside the proper boundaries of the established ditch. This was not done in the trial had; and we therefore think a new trial imperative. The re-hearing is denied.