IN THE MATTER OF THE REPAIR, MODIFICATION AND EXTENSION OF JUDICIAL DITCH NO. 18 OF JACKSON COUNTY.

MARTIN LEE AND OTHERS v. COUNTY OF JACKSON.[1]

February 3, 1922.

No. 22,638.

**Drain—order for enlargement not appealable.**

1. An order of the county board directing the enlargement of a ditch is not appealable, and, where the board had jurisdiction of the proceeding and power to make an assessment for the cost of the work, such order cannot be attacked on an appeal from the assessment.

**Assessment may be proportioned to benefits—rule under former statute not compulsory.**

2. The assessment for the cost of the work may be apportioned upon the lands benefited thereby in proportion to such benefits, and the rule stated obiter in In re County Ditch No. 18 of Clay County, 147 Minn. 422, is not compulsory under the present statute.

From an order of the county board of Jackson county providing for the repair, modification and extension of Judicial Ditch No. 18, and assessing benefits to the land of each, Martin Lee and four other landowners appealed to the district court, where the appeals were heard by Dean, J., and a jury which reassessed the benefits. From

[1]Reported in 186 N. W. 713.

orders denying their motions for judgment notwithstanding the verdicts or for new trials, the landowners appealed. Affirmed.

*F. B. Faber* and *Allen, Seifert & Allen,* for appellants.

*O. Thoreson* and *E. N. Nicholas,* for respondent.

TAYLOR, C.

Judicial Ditch No. 18 of the county of Jackson was constructed pursuant to an order establishing it, made October 3, 1912. In July, 1919, five interested landowners initiated proceedings under section 5552 of the General Statutes of 1913, as amended by chapter 300, p. 425, of the Laws of 1915, for the repair, enlargement and extension of the ditch. That these proceedings were regular and that all requirements of the statute were complied with in form, is conceded. They resulted in an order of the board of county commissioners, made August 2, 1920, approving and confirming the amended reports of the engineer and of the viewers, and directing "that the proposed repair, modification and extension of said drainage system be established, constructed and done in accordance with the amended report of the engineer and in accordance with the laws of the state of Minnesota applicable thereto," and that the cost thereof be assessed and levied against the several tracts of land described in the order "in proportion to the amount of benefits estimated to each of said tracts of land."

Four landowners appealed from the assessment of benefits against their lands to the district court where such benefits were reassessed by a jury. The four appellants made motions for new trials, which were denied, and further appeals bring the matter before this court.

The improvement, as set forth in the report of the engineer, provides for extending the original ditch to a new outlet and for increasing its capacity by enlarging the open section and by laying new lines of tile along or near the tile sections, and also provides for constructing a new branch ditch. Appellants seek to attack the order of the county board on the ground that the board, in directing the construction of a new branch ditch, exceeded the authority conferred upon it by the statute. The order establishing the improvement is not appealable. Where a ditch is ordered to be constructed

and does not involve the drainage of a lake, the only appeal allowed by the statute is from the assessments for benefits and damages, and these were the only matters brought before the court by the present appeals. If the entire proceeding were void because outside the jurisdiction given to the county board, appellants might show that fact for the purpose of showing that the board had no power to make any assessment whatever. Bomsta v. Nelson, 137 Minn. 165, 163 N. W. 135. But, where the county board has jurisdiction of the proceeding, the question as to whether it has assumed to do more than it was authorized to do cannot be raised or considered on an appeal from the assessment. Those who wish to attack the improvement on that ground must do so in some other manner. Dressen v. Board of Co. Com. of Nicollet County, 76 Minn. 290, 79 N. W. 113; Mundwiler v. Bentson, 128 Minn. 69, 150 N. W. 209; Falkenhagen v. Counties of Yellow Medicine and L. Q. P. 144 Minn. 257, 175 N. W. 102. Here the board had jurisdiction of the proceeding and power to make an assessment, and the only questions reviewable on these appeals are those relating to the amount of benefits and damages to be apportioned to the lands of the appellants.

The cost of the present improvement was apportioned to the benefited lands in proportion to the benefits accruing to them from the improvement. Appellants contend that the assessment for such benefits to the lands which had been assessed for the construction of the original ditch must be spread upon such lands in the same proportion in which the assessment for the original ditch was spread upon them, and that the rule adopted by the court is not permissible under the statute. This question is considered and determined adversely to the appellants in Connor v. County of Martin, supra, page 284.

Appellants rely to some extent on In re County Ditch No. 18 of Clay County, 147 Minn. 422, 180 N. W. 537, as sustaining their contentions. That case involved proceedings brought before the statute had been amended by chapter 300, p. 425, of the Laws of 1915. The original project did not provide for the complete drainage of a shallow lake through which the upper section of the ditch passed. After the ditch had been constructed the owners of lands adjoining the

lake induced the county board to enlarge and deepen the upper portion of the ditch sufficiently to drain the lake entirely. Thereafter the board assessed the cost of the new work against the same property assessed for the construction of the original ditch and in the same proportion in which the cost of the original ditch had been assessed against such property. The owners of certain lands on the lower portion of the ditch, which were in no way benefited by the new work, opposed the assessment against their lands. The county contended that section 5552, G. S. 1913, required such assessments to be apportioned against the same lands and in the same manner that the assessment for the original construction of the ditch had been apportioned. It was held that the work there in question was not within the purview of that section as it then stood, and it was further held that the rule contended for could not be applied in that case, for the reason that the cost of the work there in question could not be assessed against property admittedly not benefited by such work.

Section 5552 contains several provisions so framed and combined that the legislative intent is not always clear. Chapter 300, p. 425, of the Laws of 1915, made material changes in this section, and the statute, as so changed, was considered in Connor v. County of Martin, supra, page 186, 186 N. W. 715, and was held to permit apportioning assessments for work done thereunder upon lands benefited by such work in proportion to the benefits accruing to such lands therefrom.

The obiter statement in the Clay County case to the effect that section 5552 directed that assessments for the cost of enlarging a ditch to enable it to take care of additional water received from subsequently constructed tributary ditches should be apportioned between the two systems, and that the part apportioned to each system should be spread over the lands benefited by the original construction of that system in the same proportion in which the original cost of that system had been spread over such lands quite likely gave the impression that the rule there stated should be followed in the present case. But it was held in that case that that rule could not be applied under the circumstances there existing,

and, in order to give effect to other provisions of the statute, it is held in the Martin County case that the amended act does not make the adoption of that rule compulsory.

That the appellants had no vested right to have the assessment made in a particular form or according to a particular rule, and that the legislature may change the form adopted or the rule to be followed, is too well established to require discussion. 1 Dunnell, Minn. Dig. § 1619.

Order affirmed.