## COUNTY OF BROWN v. MARTIN MARTINSEN AND OTHERS.[1]

October 20, 1922.

No. 23,022.

**Extension of judicial ditch—county board may require bond for preliminary expenses—consideration for bond.**

1. Under section 5552, G. S. 1913, as amended by section 6, c. 300, Laws 1915, the board of county commissioners' duty is to maintain a judicial or county drainage ditch in the condition originally constructed, but where it shall be necessary to widen, deepen or extend the same in consequence of the construction of lateral or private ditches or in consequence of the construction of other ditch or ditches which empty into said original ditch, or into a lake or lakes which are drained in whole or in part by such original ditch, the board need not act except upon petition of interested parties, and may require from them a bond to reimburse the county for preliminary expenses.

**Obligation on such bond limited.**

2. The obligors in such bond cannot be held liable for such expenses incurred in work outside of that petitioned for.

**Rulings on evidence.**

3. There was no error in the rulings on the reception or exclusion of evidence.

Action in the district court for Brown county to recover $1,000 on the bond of petitioners for the repair of County Ditch No. 5. The facts are given at the beginning of the opinion. The case was tried before Olsen, J., who when plaintiff rested denied separate motions of defendants for directed verdicts and at the close of the testimony denied plaintiff's motion, and granted defendants' motions, for directed verdicts. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 190 N. W. 255.

*W. T. Eckstein,* County Attorney, and *Pfaender & Erickson,* for appellant.

*Albert Hauser* and *Somsen, Dempsey & Flor,* for respondents.

HOLT, J.

The short facts are these: County Ditch No. 5 was duly established in Brown county, Minnesota, in 1905. It was an inexpensive open ditch, with 5 branch ditches. Two branches were added afterwards. Ten years later defendants, property owners within the territory served by this ditch, petitioned the board of county commissioners to repair, deepen and widen the same. A bond in the penal sum of $1,000, executed by defendants to plaintiff as obligee, accompanied the petition. Thereupon the board appointed an engineer to investigate and report. Later, viewers were appointed. When the reports came in, a public hearing was had and the board dismissed the petition. The county disbursed over $4,000 in publication fees and for the services of the engineer and viewers in the matter. Defendants declined to pay any part thereof, and this action on the bond followed. When the evidence was in, both sides moved for a directed verdict. Defendants' motion was granted. Thereafter plaintiff moved for judgment notwithstanding the verdict or a new trial. The motion was denied and judgment entered from which plaintiff appeals.

Respondents contend that no bond was required by law, and therefore there is no consideration. Section 5552, G. S. 1913, as amended by chapter 300, p. 425, Laws 1915 (G. S. 1917 Supp. § 5552), does not in terms provide for a petition and bond in a case where it is needful to repair, widen and deepen existing drainage systems. The section in its original form made it the duty of the board of county commissioners to maintain duly established county or judicial drainage systems in the condition originally constructed. No deepening or widening was provided for. It still provides for maintenance repairs without calling for a petition or bond. But, by the amendment of 1915, repairs are given a broader scope so as to include widening or deepening the original ditches to take care of additional waters thrown therein by subsequent drainage operations.

Under the law as so amended, whereby such repairs may be of considerable magnitude and require extensive preliminanry work in order to determine whether they should be undertaken, it seems entirely proper to hold that the county board need not take the initiative, unless upon petition and accompanying bond from interested parties to protect the county against loss in case it be finally determined not to do the work. Therefore, we conclude this bond cannot be said to be without consideration, or not authorized by the statute. That the amendment of 1915 left section 5552 so that repairs may now include extensive changes in the original ditches was determined in State ex rel. Kolars v. County Board of Polk County, 151 Minn. 274, 186 N. W. 709; Lee v. County of Jackson, 151 Minn. 310, 186 N. W. 713; and Connor v. County of Martin, 151 Minn. 284, 186 N. W. 715.

But we sustain the contention of respondents that the expenses for which a recovery is sought were not incurred for the purpose of repairing, deepening and widening the original ditch, but for the greater part to establish a new drainage system, and that plaintiff failed to prove what part of such expense was properly chargeable to the project petitioned for. The bond recites that petitioners have filed a petition praying for the repairing, deepening and widening of Public Ditch No. 5 of Brown county, heretofore established and constructed according to maps, plans and specifications on file. It is conditioned to pay all expenses in case the board of county commissioners "shall fail to establish said proposed repairing, deepening, and widening of said Ditch No. 5." The petition states that Ditch No. 5, including all its branches, is not of sufficient capacity to carry off the excess of surface water and rainfall, "in the basin it was constructed to drain;" that it "is not deep enough nor wide enough to carry off such waters and leaves large quantities of water, some places two feet deep on the land which it should drain; that what water it does carry off drains off so slowly as to cause great damage to the crops and renders large quantities of land waterlogged and useless and in a swampy condition."

The "general description of the proposed starting point, route and terminus of said ditch is as follows: As shown by map and records

of Public Ditch No. 5 of Brown County, Minnesota, as heretofore duly established and of record in the office of the auditor of said county, which records are hereby referred to for the description of said ditch herein proposed to be repaired, deepened and widened." Instead of confining his survey to the lands in the original drainage district, large additional territory was included. In the original proceeding 1,334½ acres of land were benefited and assessments were spread on 5,139 acres. In the one proposed by the engineer in his report, 4,967,215 acres were found benefited, and the assessment for these benefited were spread by the viewers over 10,469 acres. The old work was open or plow ditching. A large part of the proposed repairing places miles of tile in lands not affected by the original drainage. The whole cost of Ditch No. 5 and its 5 branches was only $5,601.01. The cost of the proposed repairing was nearly $200,000. The outlet was extended 2,400 feet and the starting point was moved 700 or 800 feet into new territory. It seems quite clear that the work proposed by the engineer is not that petitioned for, but a new system embracing a largely increased drainage area. The bond cannot be construed as indemnity for expenses in doing work not contemplated by the petition. Appellant's proposition that an engineer, requested to report upon a petition to repair, widen and deepen the ditches in an established and constructed drainage district, is at liberty to extend such district to any limit so long as he confines himself to the watershed or drainage basin in which such district is located is not sound or safe. Petitioners should be protected against liability beyond that which reasonably grows out of the work requested. The following decisions so indicate: State v. Watts, 116 Minn. 326, 133 N. W. 971; State ex rel. Nepp v. District Court, 140 Minn. 375, 168 N. W. 184; Re Repair of County Ditch No. 18, Clay County, 147 Minn. 422, 427, 180 N. W. 537.

No doubt some of the expenses incurred by the county came within the terms of the bond, but there is evidently no way of determining what these were, and no proof was offered to that end.

There was no error in excluding testimony that the surveyor sought and followed the advice of the county attorney. No official

could enlarge the obligations of the bond.   We find no error in the record.

Judgment affirmed.