## COUNTY OF TODD v. COUNTY OF MORRISON.[1]

January 23, 1931.

No. 27,922.

*Frederick J. Miller*, for appellant.
*William M. Wood*, for respondent.

DIBELL, J.

Controversy submitted on an agreed case pursuant to G. S. 1923 (2 Mason, 1927) § 9415. There was judgment for the plaintiff, and the defendant appeals.

[1]Reported in 234 N. W. 593.

■ The facts are these: On January 11, 1908, proceedings were instituted in the district court of Todd county for the establishment of a judicial ditch running into Todd and Morrison counties, which are in the seventh judicial district. The ditch was established and afterwards constructed. All the proceedings were regular.

On October 5, 1920, there was filed in the office of the county auditor of Todd county a petition for the repair of the ditch signed by eight owners of land affected by the ditch who had been assessed for its construction. All of the owners lived in Todd and Morrison counties. Todd county paid the cost of the repair. Proceedings were had before the county board and an assessment levied for the repair. The proceedings before the board were regular. Todd county paid as the total cost of repairs the sum of $7,764.04. The amount chargeable to Morrison county was $1,327. On November 18, 1921, the county board of Todd county certified to the county auditor of Morrison county the sum of $1,327 for payment of its proportion. Morrison county refused to pay and has continued its refusal. The proportion asked of Morrison county is the correct proportion. No petition was made to the board of county commissioners of Morrison county for repair. Neither the county nor its officers took part in the proceeding for repair.

The proceedings relative to the repair were had pursuant to L. 1915, p. 425, c. 300, § 6, and were regular. It is claimed that this section was repealed by L. 1921, p. 924, c. 508, § 1, reading as follows, and the proceeding rendered ineffective:

"Provided that in all cases where proceedings to establish a public ditch shall include the reconstruction or extension of an existing ditch or ditch system, the property which has already been assessed for such existing ditch or ditch system shall not be assessable in the new proceeding unless such property is especially benefited thereby or for such benefits, if any, as may result thereto by reason of the improvement of the outlet of such original ditch or ditch system."

We think there was no repeal. This statute was effective April 23, 1921. Prior to that time, on October 5, 1920, to be specific, the proceeding was instituted. Jurisdiction was acquired. The proceeding was pending. Just what had been done at that time the record does not show. Under such circumstances it should not be held that there was a repeal rendering proceedings under the 1915 act ineffective. State ex rel. Ruesswig v. McDonald, 101 Minn. 349, 112 N. W. 278, and cases cited.

■ The 1915 act is not unconstitutional as giving one county authority to assess property in another. The original assessment was in a judicial ditch proceeding in the two counties. As a part of the law under which it was conducted it was provided that a petition for repair might be made in one county and that the land in each should bear its proper proportion of the cost. It was a part of the original judicial proceeding and assessment. It is not claimed that Morrison county is wronged. It seems to be, as the trial court puts it, that Todd county has followed the statute in good faith and regularly paid out money for the benefit of lands in Morrison county and should be reimbursed. The following cases are helpful in considering the claimed unconstitutionality of the statute. Fletcher v. Glencoe Ditching Co. 141 Minn. 440, 170 N. W. 592, 882; Lee v. County of Jackson, 151 Minn. 310, 186 N. W. 713; State ex rel. Kolars v. County Board, 151 Minn. 274, 186 N. W. 709; Connor v. County of Martin, 151 Minn. 284, 186 N. W. 715; County of Brown v. Martinsen, 153 Minn. 268, 190 N. W. 255.

■ This is a submission of a controversy under G. S. 1923 (2 Mason, 1927) § 9415. It is not a trial on stipulated facts, where findings of fact and conclusions of law are essential. It is a submission without action upon an agreed case and of course without pleadings. We merely note the distinction. See Reddick v. Commrs. of Pulaski County, 14 Ind. App. 598, 41 N. E. 834, 43 N. E. 238; Towle v. Sweeney, 2 Cal. App. 29, 83 P. 74; C. W. Grandy & Son v. Gulley, 120 N. C. 176, 26 S. E. 779; Newark S. & S. R. Co. v. Commrs. of Perry County, 30 Ohio St. 120; White v. Clarke, 111 Cal. 425, 44 P. 164; Lee v. Tower, 124 N. Y. 370, 26 N. E. 943.

Judgment affirmed.