# THECKLA CONNOR v. COUNTY OF MARTIN.[1]

February 3, 1922.

No. 22,544.

**Drain—notice of appeal from county board to district court.**

    1. On an appeal to the district court from the order of the county board in a ditch proceeding, a notice of appeal is sufficient if it state that the appeal is from the order fixing benefits and damages.

**Appeal from levy of assessment—what reviewable—proportionate assessments.**

    2. On an appeal from an assessment for benefits in a ditch proceeding under Laws 1915, c. 300, § 6, there being jurisdiction, the validity of the order establishing the ditch cannot be questioned; and, when the provision of the statute relative to the effect of assessments made proportionate to assessments for the original ditch applies, such proportionate assessment is prima facie; not conclusive, evidence of a proper assessment.

Theckla Connor and others appealed to the district court for Martin county from an order of the Martin county board for the reconstruction and repair of Judicial Ditch No. 17 and fixing benefits and damages, and demanded jury trials. The opinion gives the facts. The appeals were heard by Dean, J., who denied the motion of the county to dismiss the appeals, and a jury which assessed benefits to the lands of appellants. From an order denying its motion for judgment affirming the assessments made by the county board notwithstanding the verdict, or for a new trial, the county of Martin appealed. Affirmed.

*Allen, Seifert & Allen,* for appellant.
*Haycraft & McCune,* for respondents.

DIBELL, J.

Eight property owners, affected by assessments for benefits for a ditch in Martin county, appealed to the district court. The court

[1]Reported in 186 N. W. 715.

denied the motion of the county to dismiss their appeals. The basis of the motion was the failure of the notices of appeal to state the grounds as required by statute. Benefits were then assessed by a jury. The county appeals from an order denying its alternative motion for judgment or a new trial.

1. The statute permits an appeal to the district court from an order determining the amount of benefits, or determining the amount of damages, or refusing to establish a ditch. The notice of appeal must "briefly state the grounds upon which such appeal is taken"; and any person deeming himself aggrieved by the order determining benefits or damages may demand a jury trial to determine the amount. G. S. 1913, § 5534. Each notice of appeal stated that the landowner appealed to the district court "from said final order for the reconstruction and repair of said ditch, and fixing said benefits and damages, and hereby demands a jury trial in said district court to determine the amount of benefits and damages." Such a notice conforms to the requirements of the statute. The court ruled correctly.

2. In 1911 Judicial Ditch No. 17 was established in Martin county and was afterwards constructed. It was a tile ditch. In 1917 a petition was filed with the county board for repairing or widening or deepening or extending the ditch under the provisions of Laws 1915, p. 434, c. 300, § 6, amending G. S. 1913, § 5552. This is the proceeding now before us.

The engineer recommended a tile ditch, to be constructed of larger tile, paralleling at a distance of about a rod the original ditch and its laterals, but varying somewhat in distance at different points. At 13 points the tile of the new ditch were to approach the tile of the old, and were to be laid alongside them. Manholes were to be built about them, and the two ditches thus joined. This plan was adopted. The cost of the new ditch was 2 3/10 times as great as the cost of the original ditch. The viewers assessed the lands here involved at 2 3/10 times the amounts for which they were assessed for the original ditch. Upon the appeal to the district court the jury assessed them for amounts substantially less.

There was jurisdiction, and no one can complain on this appeal of the establishment of the ditch. Lee v. County of Jackson, infra, page 310, 186 N. W. 713. The only permissible inquiry, there being no claim of damages, goes to the amount of benefits. The county grounds its complaint on the proposition that the lands here involved must be assessed at 2 3/10 times the amounts for which they were assessed in the 1911 proceeding; this and nothing else.

The statute cited contemplates that repairs may become necessary. It also contemplates that it may be necessary to widen, deepen or extend in consequence of the subsequent construction of lateral or private ditches or in consequence of the subsequent construction of other connecting ditches carrying water which goes to the original ditch, such lateral, private or public ditches not being included in the assessment for the original ditch, or "in consequence of the original ditch not having been constructed of sufficient capacity." Insufficient capacity of the original ditch is alleged in the petition. It is not to be inferred from anything said that the auxiliary tile ditch was not properly constructed under the provisions of the statute applicable when it becomes necessary "to widen, deepen or extend" the original ditch, "in consequence of the original ditch not having been constructed of sufficient capacity." As is held in Lee v. County of Jackson, infra, page 310, 186 N. W. 713, where there is jurisdiction the validity of the order establishing the ditch cannot be attacked on appeal from the assessment; but in view of the result in State v. County Board of Polk County, supra, page 274, 186 N. W. 709, where the question there involved was directly presented on certiorari, it seems on principle that the putting in of additional tile alongside the old tile, connected by a series of manholes, comes within the proper meaning of widening, deepening or extending.

The statute provides for the appointment of viewers, who shall equitably apportion the cost of the authorized construction between the lands benefited by the original ditch, and those benefited by the private, lateral or other ditches, in proportion to the benefits to such respective ditch systems resulting from the original ditch and the subsequent ditches, the same as if they were originally one ditch system, and who shall then equitably apportion and assess the por-

tion to be borne by each to the lands benefited thereby. Then the statute [Section 5552, p. 1224] says:

"The fact that such portion of such cost of repair, widening, deepening or extending, and such expenses respectively apportioned to such lateral and subsequent ditch system or systems, and to such original ditch system is respectively apportioned and assessed against the respective lands benefited thereby, in the same proportion as the respective original assessment of benefits therein shall in all cases be prima facie evidence that such assessment and apportionment is made in compliance with the provisions and requirements of law."

The contention of the county, relative to the provision just quoted, is that the only permissible assessment upon the lands involved was of an amount 2 3/10 times that which they bore in the original ditch proceeding. It cannot be sustained. There were no subsequent laterals or ditches or a subsequent ditch system. If it be conceded that the statutory proportionate assessment applies to a ditch such as the one involved, as well as when there are subsequent laterals or a subsequent ditch system, the statute makes such assessment only prima facie evidence of a lawful assessment. The county's contention makes it conclusive evidence. The amount of benefits was submitted to the jury with only the objection that benefits must be fixed at 2 3/10 times the amount of the assessment for the original ditch. The court was right in declining to adopt the contention of the county. We are not to be understood as holding that the statutory provision as to an assessment proportionate to the assessment for the original ditch has application when the ditch is merely widened, deepened or extended because of original inadequacy, there being no additional territory or other ditches or a ditch system added, or that it has not. The question has not been particularly discussed and is left for consideration when a decision is necessary and it is not in this case. There is no intimation either way.

Order affirmed.