IN RE PETITION FOR IMPROVEMENT OF COUNTY DITCH
NO. 3, MARTIN COUNTY.
RUDOLPH JAGODZINSKE AND OTHERS v. COUNTY OF
MARTIN AND OTHERS.
OTTO BAUMHOEFNER AND ANOTHER, APPELLANTS.[1]

April 10, 1953.

No. 35,882.

*Gaarenstroom & Gaarenstroom,* for appellants.
*Erickson & Zierke,* for respondents.

[1]Reported in 58 N. W. (2d) 61.

Thomas Gallagher, Justice.

This is an appeal from an order of the district court for Martin county dated June 2, 1952, remanding these proceedings, instituted under M. S. A. 106.501, involving county ditch No. 3 of Martin county, to the county board of Martin county for further proceedings there. It was made upon an appeal from an order of the county board dated March 13, 1952, which dismissed the proceedings as unauthorized under the section designated.

The sole question for determination is whether county ditch No. 3, a tile ditch, may be improved by the construction of an auxiliary open ditch along the main tile line thereof as an *enlargement of an existing ditch* authorized under § 106.501, as the court held, or whether the improvement described constitutes the *construction of a new ditch,* for which proceedings under § 106.031 would be required.

County ditch No. 3 was established in 1909 and lies wholly within Martin county. It consists of 13,200 feet of tile and 1,300 feet of open ditch near the outlet. On August 8, 1951, a petition was duly filed with the county auditor pursuant to the provisions of § 106.501 seeking its improvement on the ground that it was of insufficient capacity to drain the lands intended to be drained thereby. Subsequently the engineer, appointed by the county board to make a preliminary survey of the project, reported that the ditch could be enlarged by the installation of a tile line at an estimated cost of $60,412.50, an expenditure not deemed economical. He thereupon recommended that an improvement be made by the construction of an auxiliary open ditch along the present main tile line of the existing ditch at an estimated cost of $9,249.57. It is not disputed that the latter improvement will not drain any new lands but will affect only the identical lands drained by county ditch No. 3.

Upon the preliminary hearing on this report held March 13, 1952, the county board determined (1) that county ditch No. 3 was of insufficient capacity to drain the lands intended to be drained thereby and should be enlarged; (2) that the plan outlined and recommended by the engineer for this purpose was feasible, neces-

sary, and a public benefit; and (3) that the proceedings were unauthorized under § 106.501 and, hence, should be dismissed.

On appeal from this order, the district court affirmed the findings as to the insufficiency of county ditch No. 3 and the need for its enlargement as a public benefit but held that the petition was proper and authorized by § 106.501 and that the county board had erred in dismissing the proceedings.

Section 106.501 provides for proceedings for the improvement of "public drainage system theretofore established" and constructed by "tiling, enlarging or extending" the same. Appellants contend that these proceedings contemplate the construction of a new open ditch; that, even though the construction thereof be along the main tile line of county ditch No. 3, it cannot be regarded as an enlargement thereof; and that an enlargement, as contemplated by § 106.501, when used with reference to a tile ditch, can only mean an enlargement by the construction of a larger *tile* ditch and not otherwise.

■ We are of the opinion that the trial court was correct in its construction of § 106.501. Examination of the various drainage statutes indicates that the legislature contemplated that it would be necessary from time to time to enlarge the capacity of various systems constructed thereunder. Section 106.501 was enacted for the purpose of meeting such a situation. State ex rel. Kolars v. County Board, 151 Minn. 274, 186 N. W. 709; Connor v. County of Martin, 151 Minn. 284, 186 N. W. 715. The term "enlarging" as used in § 106.501 would seem to have reference to the enlargement of the *capacity* of a system to drain the lands served by it. There is nothing therein which restricts or limits such an enlargement to the use of the same type of material as was used in the original system.

Our conclusion is in accord with principles set forth in decisions involving similar though not identical statutes. In Connor v. County of Martin, *supra,* where G. S. 1913, § 5552, as amended by L. 1915, c. 300, § 6, was involved, the improvement was to consist of a tile ditch constructed of larger tile than used in the old ditch

and laid parallel to and a distance of about a rod from the original system. There we stated (151 Minn. 286, 186 N. W. 715):

"The statute * * * contemplates that it may be necessary to widen, deepen or extend * * * 'in consequence of the original ditch not having * * * sufficient capacity.' * * * it seems on principle that the putting in of additional tile alongside the old tile, connected by a series of manholes, comes within the proper meaning of widening, deepening or extending."

If it can be said that the construction of an auxiliary ditch parallel to an older tile ditch comes within the meaning of the term "widening, deepening or extending," then the construction of an auxiliary open ditch beside an older tile one would come within the meaning of the word "enlarging" as used in § 106.501.

■ Decisions of foreign jurisdictions are in accord with our conclusion here. In Kelley v. Drainage District, 158 Iowa 735, 742, 138 N. W. 841, 844, the statute involved provided that the board of supervisors of a county, to keep drainage systems in repair, might cause them to "be enlarged, reopened, deepened, widened, straightened or lengthened for a better outlet." The court there held that the quoted language authorized the enlargement of an outlet by widening and deepening the existing ditch or by excavating another ditch parallel thereto, because, as the court stated, "the result is the enlargement of the outlet which is here authorized." See, also, Walker v. Joint Drainage District, 197 Iowa 351, 197 N. W. 72; Nervig v. Joint Boards of Supervisors, 193 Iowa 909, 188 N. W. 17; Mathwig v. Drainage District, 188 Iowa 267, 171 N. W. 125.

■ The findings here definitely establish that the proposed improvement is necessary to adequately drain the lands intended to be drained by the system and that its accomplishment would be for the public benefit. No new lands are involved, and the net result of the improvement constitutes an enlargement of an existing system insofar as its capacity is concerned. We hold that the improvement does not involve the construction of a new ditch and, hence, the proceeding is properly instituted under § 106.501.

The order appealed from is affirmed.

Affirmed.