IN RE PETITION FOR IMPROVEMENT OF COUNTY DITCH NO. 11, MARTIN COUNTY.
EMIL F. HAGEN AND OTHERS v. COUNTY OF MARTIN AND OTHERS.
GLENN REED AND OTHERS, APPELLANTS.

91 N. W. (2d) 657.

August 8, 1958—No. 37,309.

368.

*Gaarenstroom & Gaarenstroom,* for appellants.
*Seifert, Johnson & Hand,* for respondents.

MURPHY, JUSTICE.

Appeal from an order of the District Court of Martin County reversing an order of the county board of commissioners.

This proceeding was instituted by a petition filed with the county auditor of Martin County pursuant to M. S. A. 106.501 on September 14, 1954, asking for the improvement and extension of County Ditch No. 11. On August 4, 1955, the county board held the final hearing on the petition. The engineer's and viewers' report then on file showed that, as required by § 106.201, subd. 1, the estimated benefits were more than the estimated damages plus the cost of construction. Accordingly, the county board made and filed its order approving the engineer's and viewers' report establishing the improvement and ordering the county auditor and the chairman of the county board to proceed to advertise for bids and let contracts for the construction of the improvement.

Subsequent to the order establishing the improvement, three appeals were taken to the district court on the question of benefits determined and damages awarded. One appeal was settled and the benefits reduced by the amount of $300. A second appeal was tried before a jury and pursuant to a verdict a judgment was entered reducing benefits $1,130 and increasing damages $3,878. As a result of the third appeal a judgment was entered pursuant to a verdict, reducing benefits $180 and increasing damages $3,660. Certified copies of these judgments were filed with the county auditor. After the judgments were filed, the county auditor's records showed that the estimated benefits were $34,360 and the damages plus the estimated cost of construction were $38,396.49. The auditor then amended the engineer's and viewers' report to reflect the changes in benefits determined and damages awarded as reflected by the judgments entered in the appeals.

Prior to July 3, 1956, after the certified copies of the judgments had been filed with the county auditor, five of the property owners who originally petitioned for improvement of the ditch filed a petition with the county board of commissioners offering to make a gift to Martin County of $4,200 to be credited to County Ditch No. 11 for the construction of the improvement. The purpose of this gift was to adjust the change in estimated figures resulting from the judgments. On July 3,

1956, the county board of commissioners made and filed an order accepting the $4,200 gift in behalf of the improvement of the ditch and ordered the county auditor and the chairman of the county board of commissioners to proceed according to law and advertise for bids and let contracts for the construction of the improvement to the ditch.

The objecting property owners appealed from the order of the county board of Martin County dated July 3, 1956, accepting the gift of $4,200 and, being in doubt as to their remedy, also brought certiorari at the same time as relators to review the order of the county board. The appeals and certiorari were submitted to the district court without a jury. The district court reversed the order of the county board and remanded the proceedings to the board for dismissal of the petition. This appeal is from the order of the district court.

The principal question involved in the appeal is this: Where in a drainage proceeding it has been determined by judgment on appeal to the district court that the cost of the improvement will exceed the benefits and damages awarded, does the county board, under the provisions of the applicable statutes, have authority to accept a gift for the amount of the difference and thereafter make a valid order establishing the improvement?

■ At the outset it should be noted that drainage proceedings in this state are purely statutory and their validity depends upon a strict compliance with the provisions of the statute by which they are regulated and controlled. State ex rel. Town of Dovray v. Nelson, 145 Minn. 31, 33, 176 N. W. 181, 182; In re Judicial Ditch No. 12, 227 Minn. 482, 36 N. W. (2d) 336, certiorari denied, 337 U. S. 938, 69 S. Ct. 1514, 93 L. ed. 1743; In re Petition for Repair of County Ditch No. 1, Faribault County, 237 Minn. 358, 55 N. W. (2d) 308; In re County Ditch No. 31 and Judicial Ditch No. 13, Faribault County, 244 Minn. 543, 70 N. W. (2d) 853.

■ In considering the question before us it is necessary to keep in mind the intent of the legislature that no order shall be made establishing a drainage system unless the benefits to be derived from such system are greater than the total estimated cost including damages. This is

apparent from the clear provisions of § 106.201, subd. 1,[1] and § 106.201, subd. 2.[2] It is also necessary to keep in mind that § 106.631, subd. 3,[3] plainly provides that when there is an appeal from an order of the board relating to benefits determined and damages allowed, the amount awarded by the jury as finally determined "shall stand for and in the place of the amount from which the appeal was taken." Since the provisions to which we have referred are part of a complete statutory scheme designed to govern the establishment of a drainage system and since they relate to the same subject matter, they are in pari materia and should be construed together. Wold v. Bankers Surety Co. 133 Minn. 90, 92, 157 N. W. 998, 999.

■ The effect of the appeals taken in this case was to nullify the original order establishing the improvement. A prerequisite to a valid order establishing the improvement is that the estimated cost, including damages, shall not exceed the estimated benefits. As a result of the appeals, it was determined that the estimated cost including damages exceeded the estimated benefits of the improvement. Accordingly under the plain provisions of § 106.201, subd. 1, and § 106.631, subd. 3, as applied to the circumstances in this case, the county board had no alternative but to dismiss the proceedings.

---

[1]M. S. A. 106.201, subd. 1. "If it shall appear that the benefits are not more than the total cost, including damages awarded, or that the proposed system will not be of public benefit and utility, or that the same is not practicable, the board or court shall so find and the petition shall be dismissed."

[2]§ 106.201, subd. 2. "If the board or court shall find that the engineer's and viewers' reports have been made and all other proceedings in the matter had in accordance with law, that the estimated benefits are greater than the total estimated cost, including damages, that the damages and benefits have been duly determined, that the proposed drainage system will be of public utility and benefit, and will promote the public health, that the proposed system is practicable, and that such reports as made or amended are complete, just and correct, then the board or court shall by order containing such findings, establish the drainage improvement as reported or amended, and adopt and confirm the viewers' report as made or amended."

[3]§ 106.631, subd. 3. "In all cases of appeal, the amount awarded by the jury as finally determined shall stand for and in the place of the amount from which the appeal was taken."

■ If we are to follow the authorities which hold that statutory provisions relating to ditch proceedings must be strictly construed, we must likewise hold that the county board did not have authority to accept a gift which would take the place of the reduced benefits to the property owners as determined by the jury. As we have pointed out, the judgments on appeal determining that the damages plus the cost of construction exceeded the benefits ended the proceedings. At that point the order establishing the improvement was nullified and the county board was without authority to take any further steps in the proceedings. The gift to the credit of the ditch fund could not revive a proceeding which had legally terminated.

Moreover, it must be kept in mind that provisions of statutes regulating the construction of public drains which are designed for the protection of landowners must be strictly followed. 6 Dunnell, Dig. (3 ed.) § 2821. In this connection it should be noted that § 106.471, subd. 5, provides that repairs which are to be made to the ditch in the future are to be assessed against the land benefited, based upon the original assessment, apportioned on a pro rata basis. See, In re Repair of County Ditch No. 51, Renville County, 244 Minn. 532, 70 N. W. (2d) 329; In re Petition for Repair of County Ditch No. 1, Faribault County, 237 Minn. 358, 55 N. W. (2d) 308; In re County Ditch No. 31 and Judicial Ditch No. 13, Faribault County, 244 Minn. 543, 70 N. W. (2d) 853. The county board's order of July 3, 1956, would create a basis for valuation for purposes of assessments for repairs which would be out of line with the actual facts. For instance, one of the property owners who contributed $1,182 to the fund would pay assessments on the original amount of benefits determined to his property rather than the apparently true valuation, which would include the amount of his gift. On the other hand, property owners whose benefits were reduced would be assessed on the basis of the higher amount fixed by the viewers rather than on the basis of the actual benefits as determined by the appeals to the district court. We are satisfied that the order of the county board creates a basis for future assessments which would give some property owners preferential treatment and would be prejudicial to others. We do not think that it was the intention of the legislature to permit such inequities to result.

■ The appellants here contend that, after the judgments rendered by the district court in the appeals were filed with the county auditor, the respondents should have proceeded in accordance with the provisions of § 106.241. They argue that the appeal to the district court should be dismissed because the respondents have failed to exhaust their administrative remedies. Section 106.241 relates to proceedings to be taken "Subsequent to the establishment of any drainage system, if no bids are received except for a price more than 30 percent in excess of the engineer's estimate, or for a price in excess of the benefits, less damages and other costs * * *." Under such circumstances the statute provides for a review of the proceedings and a referral back to the engineer and the viewers for further consideration. This provision, however, applies only to the situation where, after the establishment of the drainage system, "no bids are received except for a price more than 30 percent in excess of the engineer's estimate, or for a price in excess of the benefits, less damages and other costs * * *." When the appeals were taken to the district court from the order of August 4, 1955, the proceedings were necessarily stayed pending their outcome. Since the order of August 4, 1955, was nullified by the judgments in those appeals, the respondents were under no obligation to pursue a further review before the board.

■ We cannot agree with the appellants that the respondents could not appeal from the order of the commission dated July 3, 1956, by which it accepted a gift of $4,200 from certain of the petitioners and ordered the county auditor and chairman of the county board to proceed to advertise for bids and let contracts for the construction of the improvement. Under the provisions of § 106.631, subd. 4, any party aggrieved by the order of the board "may appeal to the district court of the county where the proceedings are pending from *any order* made by the county board dismissing the petition for any drainage system or establishing or refusing to establish any drainage system." (Italics supplied.) Since the order of July 3, 1956, purported to establish the improvement, this statute gave the right of appeal to aggrieved property owners. The statute further provides: "The court shall examine the whole matter and receive evidence to determine whether the findings made by the county board can be sustained. * * * If the court

finds that the order appealed from is * * * unlawful, * * * it shall make such order to take the place of the order appealed from as is justified by the record before it or remand such matter to the county board for further proceeding before the board."[4] In discussing this provision of the statute in In re County Ditch No. 1-A, Yellow Medicine County, 233 Minn. 12, 16, 47 N. W. (2d) 592, 594, we said:

"* * * Where the court determines that the evidence is inadequate to sustain the board's findings, it may either remand the matter to the county board for further proceedings there or, in the alternative, make such order as it deems justified to take the place of the order appealed from. Clearly, this would authorize the present order of the district court dismissing the proceedings * * * and accordingly it must be affirmed."

Under the circumstances of the case before us we cannot say that the court erred in reversing the order of the county board of July 3, 1956, and remanding the matter to the county board for dismissal of the petition.[5]

Affirmed.

---

[4]Section 106.631, subd. 5, provides for appeal to the supreme court.

[5]The trial court recognized the problem of the respondents in its memorandum in the following statement: "It is suggested by the respondents that, since the petitioners have already expended large amounts of money and since the improvement is badly needed, as a matter of justice the County Board should be permitted to apply the gift so as to make the establishment of the improvement possible. There is also something to be said for the proposition that, as a matter of justice, the appellants have a right to have the petition dismissed, especially in view of the statutory provision therefor under the circumstances of this case."