### HERMAN H. JANSSEN AND OTHERS v. COUNTY OF CHIPPEWA AND OTHERS.

98 N. W. (2d) 239.

July 10, 1959—No. 37,669.

*Lauerman & Johnson* and *Paul Ter Steeg,* for appellants.

*W. D. Prindle,* County Attorney, and *Robert Cudd,* Assistant County Attorney, for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying plaintiffs' motion for a temporary injunction.

Plaintiffs, with other landowners, petitioned the County Board of Chippewa County pursuant to M. S. A. 106.501 for the improvement of an existing draintile. The petition requested specifically that the existing tile "be improved by enlarging the same with larger and adequate tile." On January 4, 1956, in response to the petition the board appointed an engineer to make a preliminary survey and report in accordance with § 106.081. His report was submitted to the board and notice of a preliminary hearing on the survey was given pursuant to § 106.101. The hearing was held April 8, 1957.

In the preliminary report the engineer found that "The existing tile are of insufficient depth and capacity to adequately drain the lands"; further, that "The soil is such that ditches and drains can be constructed and maintained through it." Subsequent to the hearing the board adopted the proposed improvement as outlined in the petition but as modified and recommended by the engineer for an open ditch and ordered a detailed survey to be made as provided by § 106.111. In its order the board stated that at the hearing "The engineer presented his report in which he recommended an open ditch instead of tile as petitioned for." It also stated that the advantages and disadvantages of an open ditch or tile ditch were discussed.

The detailed survey was conducted and submitted to the board, giving details as to the construction of the open ditch. Proper notice was given pursuant to § 106.171 and the final hearing was held on April 24, 1958, at which time the board ordered that "the drainage improvement as reported or amended be established." No appeal was taken from that order within 30 days as permitted by § 106.631, subd. 6.

On July 16, 1958, plaintiffs moved the court for an injunction restraining the construction of the open ditch adjacent to the existing tile, which motion was denied at the hearing on the order to show cause. This appeal was taken from that order and plaintiff limits his appeal to attacking the jurisdiction of the board. We are satisfied that the jurisdiction of the board may properly be attacked in this proceeding. Johnson v. County of Steele, 240 Minn. 154, 60 N. W. (2d) 32.

The sole issue presented on this appeal is whether upon a petition pursuant to § 106.501 for an improvement of an existing draintile, where the petition specifically requests that the existing tile is inadequate and that it be improved by larger and adequate tiling, the commission has jurisdiction to correct the inadequacy by ordering the construction of an open ditch adjacent to the existing tile.

Plaintiffs contend that § 106.501, upon which this petition was formulated, specifically enumerates three categories of improvements; namely, tiling, enlarging, or extending, and therefore if the petition requests an improvement specifically within one of the three cate-

gories the board lacks jurisdiction to amend the petition to include either of the other two categories of improvement.

Section 106.081 confers upon the engineer the authority to submit in his preliminary survey and report a different plan from that outlined in the petition. Section 106.101, subd. 5, gives the board authority to adopt the petition as modified by the engineer. If the board so acts, the petition thereafter shall be treated as modified accordingly. At the final hearing under § 106.191, the board still has authority to make changes in the general plan reported by the engineer.

In the instant case the action taken by the board in establishing an open ditch adjacent to the existing tile constitutes an improvement by enlarging the existing drainage system as was decided in In re Petition for Improvement of County Ditch No. 3, 239 Minn. 126, 58 N. W. (2d) 61. We are of the opinion that the authority granted to the board to adopt the petition recommended is sufficiently broad to allow the board to modify the petition in any way which would constitute an improvement within the three categories enumerated in § 106.501, even though the petition requested a specific type of improvement. Any other construction may lead to the conclusion that where a petition merely requests an improvement without designating the type, as in In re Petition for Improvement of County Ditch No. 3, *supra,* the board would be without jurisdiction to proceed. The obvious purpose of requiring an engineer to submit a preliminary and detailed report with authority to recommend an alternative plan is to utilize professional experience in ascertaining the most practical solution to a drainage system which is of insufficient depth and capacity. To restrict his determination on practical and feasible recommendations and that of the board to the method of improvement, or variation of it, as limited by the petition would only frustrate the purpose of the preliminary report and detailed survey.

Affirmed.