IN RE IMPROVEMENT OF COUNTY DITCH NO. 21,
REDWOOD COUNTY.
JOE FISCHER AND OTHERS v. ALBERT MACHT
AND OTHERS.

114 N. W. (2d) 572.

March 23, 1962—Nos. 38,334, 38,335.

*Leo J. Lauerman,* for appellant Coolsaet.

*Henry N. Somsen, Jr.,* for other appellants.

*Smith, McLean, Peterson & Sullivan,* for respondents.

NELSON, JUSTICE.

These are appeals from the findings of fact, conclusions of law, and order for judgment of the District Court of Redwood County affirming an order of the Board of County Commissioners establishing the improvement of County Ditch No. 21 of said county.

County Ditch No. 21 was constructed in 1916 and lies wholly within the confines of the county. A petition for its improvement by constructing an open ditch to replace the original main tile ditch was filed by 12 persons and granted by the county board.

Appellants introduced evidence that the open ditch, if constructed as proposed, will depart substantially at various points in distance and direction from the original tile ditch. At one point, the distance between the open and tile ditches is 650 feet; at two points, the distance between the ditches is 400 feet; and at another, the distance between them is 500 feet. Appellants further showed that the open ditch will be 2,265 feet longer than the original tile ditch from the point on the old ditch where the improvement starts to the point of outlet, the new ditch being lengthened by the various departures from the course of the old tile ditch. They point out that the plans show that, at various points, the new ditch departs from the course of the old tile ditch and takes a sharply different course, making one or more right-angle turns before returning to, or again following, the course of the tile ditch.

The plan as outlined and recommended by the engineer was to square up the ditch and make it more convenient for the farmers to

farm their fields. He testified that it was his purpose to outline a plan which would accomplish what the farmers would like to have done and so locate the open ditch as to mitigate damages and inconvenience and that, therefore, the new ditch deviates from the tile ditch and goes through higher ground at certain points in order to follow the lines between farms.

Appellants contend that the cost of the improvement as planned will be increased because it does not consistently follow the course of the old tile ditch and goes through higher ground; that in assessing benefits against the lands the commissioners have not assessed special benefits in cases where the new ditch is located along the boundary line of a farm instead of cutting through it; that they have not awarded damages for the severance of the land; and that no element of damage was considered by the viewers other than the area of the land taken by the open ditch. Appellants also point out that the existing tile ditch touches upon 20 40-acre tracts while the proposed open ditch improvements will touch upon 27½ 40-acre tracts.

The sole question for determination is whether construction of an open ditch along or adjacent to a main tile ditch is an improvement contemplated by Minn. St. 106.501, subd. 3, which provides that the improvement "may include extension only downstream to a more adequate outlet, not exceeding one mile, *and the straightening, deepening, or enlarging of the original ditch system, including the construction of open ditches for relief of or in place of tile * * *.*" (Italics supplied.)

The petition before us is signed by 12 resident owners who are the owners of more than 26 percent of the property over which the improvement passes; it designates the drainage system proposed to be improved, sets forth that the existing ditch is inadequate and of insufficient capacity to drain the lands affected, and alleges the need for improvement by construction of an open ditch. It also describes the course of the proposed improvement and alleges that it will be of public utility and promote the public health. Thus, it is in accordance with the provisions of § 106.501.[1]

---

[1]Section 106.501, subd. 1, provides in part: "* * * In the case of the

Appellants indicate that they would not seriously attack the petition as insufficient under § 106.501 but they contend that what is here proposed is not an improvement but a new open ditch, the establishment of which is governed by § 106.031, and that the petition is not sufficient under that section.[2] Respondents contend that the proposed open ditch constitutes an improvement of a previously established tile drainage system and that the petition meets the requirements of § 106.501. They further contend that the jurisdiction of parties and subject matter will be presumed unless want of jurisdiction affirmatively appears or is shown, citing In re Judicial Ditch No. 12, 227 Minn. 482, 36 N. W. (2d) 336, certiorari denied, 337 U. S. 938, 69 S. Ct. 1514, 93 L. ed. 1743.

---

improvement of a ditch system lying wholly within the county, a petition signed by not less than 26 percent of the resident owners of the property affected by the proposed improvement or over which the proposed improvement passes or by the owners of not less than 26 percent of the area of the property affected by the proposed improvement or over which the proposed improvement passes shall be filed with the auditor. * * *

"* * * The petition shall designate the drainage system proposed to be improved by number or other description sufficient to identify the same and set forth that the ditch is of insufficient capacity or needs enlarging or extending so as to furnish sufficient capacity or a better outlet; with a description of the starting point, general course and terminus of any extension, and that the proposed improvement will be of public utility and promote the public health."

Section 106.501, subd. 2, provides: "* * * Thereupon the board * * * shall appoint an engineer to examine the drainage system and to make report thereon. Thereafter the proceedings shall be as set forth in this chapter, section 106.051 et seq., as provided in the case of original proceedings for the establishment of a ditch system. The benefits and damages determined shall be such as result from the improvements and subsequent assessments for the repair of the improvement shall be based on the benefits so determined."

[2]Section 106.031, subd. 1, provides in part:

"Before any public drainage system or other improvement authorized by sections 106.011 to 106.661 is established, a petition therefor shall be filed * * *. Such petition shall be signed by not less than a majority of the resident owners of the land described in the petition or by the owners of at least 60 percent of the area of such land."

Subd. 3 of § 106.501 was added by L. 1953, c. 533. Respondents assert that a reasonable interpretation of this amendment indicates that the important questions to be determined in an improvement proceeding involving replacement or relief of a tile system by an open system are as follows:

(1) Is it necessary to extend the improvement downstream to a more adequate outlet? If so, the extension may not exceed one mile.

(2) Is it necessary to straighten, deepen, or enlarge the original ditch system in order to adequately drain the lands intended to be drained?

(3) Will the construction of open ditches for relief of, or in place of, the tile ditches serve to straighten, deepen, or enlarge the capacity of the original ditch system?

(4) Does the proposed improvement drain the same lands as the original ditch system?

(5) Will the accomplishment of the proposed improvement be of public utility and promote the public health?

The record indicates that no extension downstream is contemplated and that the same lands will be drained under the proposed improvement as under the original tile system. We think the record supports the conclusion that the foregoing tests have been fully met. It is our view that the legislature in adopting the amendment intended to enlarge the scope of the statute so as to remove any doubt concerning the legality of constructing open ditches either for relief of or in place of an existing tile system. The cases are replete with statements that the provisions of the Drainage Act are entitled to liberal construction and this is especially true where the act is classed as a relief statute. See, In re Petition of Lippmann, 249 Minn. 1, 81 N. W. (2d) 100; State ex rel. Wait v. Baxter, 104 Minn. 364, 366, 116 N. W. 646, 647.

While appellants lay much stress on the word "straightening," found in the amendment, respondents contend that straightening the original ditch system is only one of the possible bases for application of the statute. The language of the statute enumerates "straightening, deepening, or enlarging" but this by no means requires the existence of all three. There is support for finding that the proposed improvement

would result in straightening as well as deepening or enlarging the original tile ditch system. Respondents contend that the problem here is not one of straightening the existing ditch but of constructing an open ditch for the relief of or in place of the original system for the purpose of enlarging its capacity. They also contend that the proposed open ditch is much straighter with reference to property lines than the course of the existing tile ditch and that in the case of an open ditch this is most important since it makes for better farming by squaring of fields.

It is established by the testimony of the engineer that his only purpose in departing on occasion from the course of the original tile ditch was to mitigate damages and inconvenience, as far as this could be done, to farmers affected. His recommendations appear to be feasible, logical, and practicable and to have been made in good faith. To avoid severance of farms the proposed open ditch follows property lines where practicable.

The answer to appellants' contention that the lower court erred in finding that damages and benefits were duly awarded and assessed is that each of the appellants has a remedy by means of appeal to the district court under § 106.631. Errors in individual assessments may be corrected on appeal from the assessments. See, In re Judicial Ditch No. 12, 227 Minn. 482, 36 N. W. (2d) 336.

The county board found that the estimated benefits to be derived from the open ditch as recommended by the engineer were greater than its total estimated cost including damages and that the proposed improvement would be of public benefit and utility and would promote public health and welfare. Appellants do not dispute that the new open ditch improvement will more adequately drain the lands now drained by the tile ditch.

The district court in its memorandum attached to its findings said:

"* * * It would seem, therefore, that the statute [§ 106.501, subd. 3] should not be construed so as to destroy or reduce the agricultural potential of the very fields it was intended to improve by a prohibition against following property lines except where the tile happens to follow a line. It seems to this Court that a more reasonable construction of the statute would require that the open ditch be for 'relief

of' the tile, i. e., drain the same general area as the tile. There is no evidence that the proposed open ditch would drain any land not included in the original system. To permit the construction of an open ditch in the manner proposed here is certainly less of a departure from the strict wording of the statute than to permit the construction of an open ditch under the statute as it was formerly worded."

The trial court further indicated in its memorandum that it relied on the presumption that the legislature did not intend absurd, unjust, or unreasonable consequences, citing County of Ramsey v. Township of Lake Henry, 234 Minn. 119, 47 N. W. (2d) 554.

If § 106.501 were to be construed as appellants contend it should be, it would reduce the agricultural potential of the very fields it was intended to improve. As we view it, deviations from the course of the original tile ditch within a more or less adjacent and similar course, as in the instant case, constitute a change which is an improvement within the spirit of the law. We note that in § 106.501 the key words are "the straightening, deepening, or enlarging of the original ditch system."

Other factors must be considered relative to the intent of those who brought about this legislative change. As the statute now reads, the area to be drained must be located within the watershed that the original system serves; the reason for the improvement must be the fact that the old system is not adequate to drain the land; the new ditch must not be intended merely to carry off the excess water by supplementing the older system but in essence must be designed to increase the capacity of the original system. It is necessary to consider the foregoing purposes together with the words of the statute and the requirement that the improvement will be of public utility and promote the public health.

Prior to the amendment of § 106.501 by the addition of subd. 3, there was no specific statutory authority for the replacement or relief of tile drainage systems. Nevertheless, before enactment of the 1953 amendment this court liberally construed the existing statute. In In re Petition for Improvement of County Ditch No. 3, 239 Minn. 126, 58 N. W. (2d) 61, the sole question for determination was whether a

tile ditch might be improved by the construction of an auxiliary open ditch *along* the main tile line as an *enlargement of an existing ditch* under § 106.501. This court held (239 Minn. 129, 58 N. W. [2d] 63):

"The findings here definitely establish that the proposed improvement is necessary to adequately drain the lands intended to be drained by the system and that its accomplishment would be for the public benefit. No new lands are involved, and the net result of the improvement constitutes an enlargement of an existing system insofar as its capacity is concerned. We hold that the improvement does not involve the construction of a new ditch and, hence, the proceeding is properly instituted under § 106.501."

In Janssen v. County of Chippewa, 256 Minn. 182, 98 N. W. (2d) 239, after the statute was amended, this court held:

"Upon a petition pursuant to M. S. A. 106.501 for an improvement of an existing draintile, where the petition specifically states that the existing tile is inadequate and requests that it be improved by larger and adequate tiling, the board of county commissioners has jurisdiction to correct the inadequacy by ordering the construction of an open ditch adjacent to the existing tile."

Where parties proceed to trial without a jury, conflicts in the evidence present fact issues for determination by the trial court and its findings thereon will not be disturbed upon appeal unless they are manifestly and palpably contrary to the evidence. In re Petition of Lippmann, 249 Minn. 1, 81 N. W. (2d) 100.

An examination of the various drainage statutes indicates that the legislature contemplated that it would be necessary from time to time to enlarge the capacity of various ditch systems, including tile lines constructed under the Drainage Act. Section 106.501 was enacted for that purpose. Its scope was expanded by amendment in 1953. See, State ex rel. Kolars v. County Board, 151 Minn. 274, 186 N. W. 709; Connor v. County of Martin, 151 Minn. 284, 186 N. W. 715.

The interpretation of the word "enlarging" is not necessarily controlling in the instant case. The words "straightening," "deepening," and

"enlarging" may be considered singly or in combination to determine the legislative intent. There is little doubt that in order to increase the capacity of the tile ditch in this instance the improvement must proceed by deepening and enlarging. But straightening is present here also, in the sense that the improvement is designed to follow boundaries rather than bisect fields or areas operated as units. This is in accord with the position taken by this court on prior occasions when it has said that:

"* * * The provisions of our ditch laws must be liberally construed so as to promote the public health and the drainage and reclamation of wet or overflowed land." In re Petition of Lippmann, 249 Minn. 1, 16, 81 N. W. (2d) 100, 109, quoting State ex rel. Wait v. Baxter, 104 Minn. 364, 116 N. W. 646.

The basic purpose of the amendment was to provide for increasing the capacity of an existing ditch by straightening, as well as extending or enlarging, through either an open or tile ditch system when the existing ditch is inadequate to drain the lands it was originally meant to drain. Even before passage of the amendment, we held that enlarging the capacity of an existing ditch is not the establishment of a new ditch. See, Connor v. County of Martin, 151 Minn. 284, 186 N. W. 715; State ex rel. Kolars v. County Board, 151 Minn. 274, 186 N. W. 709; In re Petition for Improvement of County Ditch No. 3, 239 Minn. 126, 58 N. W. (2d) 61.

The open ditch improvement here challenged does not constitute such a departure from the original plans as to be a new ditch, and § 106.501 governs. To straighten implies departure from the original line. The extent thereof must necessarily depend upon the requirements created by local conditions. See, Laureldale Cemetery Co. v. Reading Co. 289 Pa. 6, 136 A. 851.

The record amply sustains the decision of the lower court.

Affirmed.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.