## IN RE PETITION OF ARTHUR BLACK AND OTHERS FOR IMPROVEMENT OF LATERALS OF JUDICIAL DITCH NO. 7 IN SIBLEY, RENVILLE, AND NICOLLET COUNTIES v. NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS AND ANOTHER.

167 N. W. (2d) 147.

March 21, 1969—No. 40815.

*Somsen & Dempsey,* for appellants.
*Kunz & Mueller* and *Everett L. Young,* for respondents.

PETERSON, JUSTICE.

This is an appeal from an order of the District Court of Sibley County granting a petition for improvement of a judicially established drainage system.[1] Minn. St. 106.501; 106.631, subds. 5, 6.

The appeal is taken on two grounds: (1) That the proposed improvement would not be of public benefit and utility, so that the order establishing the improvement should be reversed and the petition dismissed, and (2) that the determinations of benefits and damages by the viewers were so demonstrably incomplete and incorrect, indeed so extensively and deliberately erroneous, the issue should be remanded to the district court with instructions to correct the erroneous reports, without resort to the statutory reconsideration of a jury.

■ The trial court's determination that the ordered improvement was of public benefit and utility is not without requisite evidentiary support. Because the watershed is to some extent now drained by an existing drain tile, appellants argue that a higher standard of utility should be imposed for such improvement than for a new project. The statute does not suggest such a difference in standards.

The viewers' report is presumptively correct. In re Establishment of Judicial Ditch No. 75, 172 Minn. 295, 215 N. W. 204, 216 N. W. 229. There is no indication that the benefits finally determined by the viewers are benefits which are now entirely or partially provided by the existing tile drains. The present tile drain outlet is of such size that under current engineering standards it is considered adequate only for an area one-fourth the size of this watershed. It is undisputed that drainage will in fact be improved by the ordered improvement. Eight hundred seven acres of land, 35 of them now swamp and wasteland, would be benefited in varying degrees by the drainage ditch. The capacity of these lands for

---

[1] Appellants, objectors to the petition, are the owners of a 619-acre farm affected by the proposed improvement. Their farm has extensive underground drain tile of its own and apparently is the least benefited of all the lands in the 2,390-acre watershed to be served. The farm is so situated that it will be severed by the proposed open drainage ditch contemplated in the improvement project.

cultivation would be substantially increased and problems of periodic flooding of roads would be alleviated.

Even if this improvement were to be considered of arguable public benefit and utility, we defer to the conclusion of the trial court. "The question of the necessity and propriety of proceedings of this character, including the necessity and propriety of draining particular tracts of land," as we said in State ex rel. Boetcher v. Nelson, 137 Minn. 265, 273, 161 N. W. 714, 163 N. W. 510, 513, "is one that is addressed to the judgment and discretion of the tribunal having jurisdiction of the matter, whose conclusions will be disturbed by the courts only when the evidence, taken as a whole, furnishes no legal basis for the decision of such tribunal."

■ The correctness of the determination of benefits and damages is forcefully challenged by the objectors. Asserting several arguable errors in the determinations of the viewers, appellants argue that they "extend throughout the system [and] are [so] patent and apparently deliberate" that they should be ordered corrected by this court rather than by a jury. The heart of the argument is that appellants' land was awarded damages which the other lands involved in the improvement were not and that, even then, appellants' land was awarded inadequate damages and was assessed excessively for the benefits.

We hold, as we did in In re Improvement of County Ditch No. 21, 262 Minn. 210, 114 N. W. (2d) 572, that reconsideration of specific assessments for benefits and awards for damages by a jury must first be undertaken pursuant to Minn. St. 106.631, and that without such proceedings there can be no appeal to this court merely on the basis of asserted error in assessments and awards.

By making timely demand for a jury, appellants may have the viewers' determinations reconsidered as to their land and as to all other lands involved in the improvement. Minn. St. 106.631, subd. 2(a). The jury's verdict would stand in place of the determinations adopted by the district court, and, if damages and costs are then found to exceed benefits, the petition for the improvement would be dismissed.

In re Improvement of County Ditch No. 11, 253 Minn. 367, 91 N. W. (2d) 657, upon which appellants rely for engrafting an alternative to

this statutory procedure, is distinguishable. There, a jury had determined the damages and benefits of a drainage project, and the former, with costs, exceeded the latter. Instead of dismissing the petition, the county board accepted from the petitioners a gift of money which made up the discrepancy, but which would nonetheless saddle the objectors with a relative share of future assessments for repairs based on the original, incorrect, determinations of the viewers. Here, there is neither such certainty that costs and damages exceed benefits nor the prospect that appellants will be bound, in the course of further assessments, to pay a share which has been proved to be excessive.

Assuming that errors in the viewers' determinations were indeed systematic and calculated to effect establishment of the improvement, they are nonetheless primarily errors of fact and not of law. Correction of error can better be accomplished by a jury's close and complete scrutiny of all of the determinations alleged to be erroneous than by our own appraisal of the selected situations presented to this court. A jury trial has been required, before an appeal may be taken to this court, even when the viewers' reports failed to award damages for whole classes of injury to land, In re Improvement of County Ditch No. 21, 262 Minn. 210, 212, 215, 114 N. W. (2d) 572, 574, 576, and when whole tracts of land allegedly benefited were not found by the viewers to be part of the watershed. In re Establishment of Judicial Ditch No. 75, 172 Minn. 295, 215 N. W. 204, 216 N. W. 229.

■   The viewers in one situation did deviate, it is true, from the statutory requirement that they must list benefits and damages separately in their report. Unlike the assessment as to other landowners, the viewers did not assess appellants for the benefit of a crossing to be constructed over the ditch on their property, explaining that this "free" crossing was given to appellants as an award for damages. The statutory scheme implicitly requires such separate listing of benefits and damages because the costs of repairing the drainage ditch are thereafter apportioned and assessed pro rata according to the total benefits theretofore determined. § 106.471, subds. 5 and 6. A review of the viewers' report can be more effectively made, moreover, if benefits and damages are separately identified in the viewers' report. Appellants are not prejudiced, of course,

with respect to such future assessments, for the practical effect of the viewers' method as to the ditch crossing would be to decrease the assessment against their property for future repairs. More importantly, whether appellants are "given" in lieu of damages, a crossing for which they would have otherwise been assessed $850 or whether they are awarded $850 in damages for severance or for some other item seemingly would make no difference in the total amount of their own assessments or awards, or in the determinative ratio of benefits against damages and costs for the whole project. The method used by these viewers, although a deviation from the method required by statute, was accordingly not so dispositive of the case as to make it appealable at this point without prior submission for the jury's determination under the statute.

Affirmed.

The opinion filed herein on January 10, 1969, is withdrawn and the foregoing opinion is substituted in its place, without change in the result.