## IN RE PETITION FOR IMPROVEMENT OF COUNTY DITCH NO. 13, JACKSON COUNTY. BENNETT JOHNSON v. BOARD OF COUNTY COMMISSIONERS OF JACKSON COUNTY.

182 N. W. (2d) 715.

January 8, 1971—No. 42092.

*Joseph W. Parris,* for appellant.

*Winzenburg & Halloran, Leo G. Winzenburg,* and *Maylon G. Muir,* County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Kelly, and Rosengren, JJ.

CHESTER G. ROSENGREN, JUSTICE.*

This case is before this court on appeal from an order of the Jackson County District Court denying a petition for the improvement of County Ditch No. 13, Jackson County.

On May 30, 1966, appellant and certain other landowners whose lands were benefited or crossed by County Ditch No. 13 filed, pursuant to Minn. St. 106.501, a petition for improvement of the ditch. Alleging that, as a result of additional drainage into the ditch, it was of insufficient capacity, the petition requested enlargement of the ditch and improvement of certain culverts. Following a hearing on the petition and a review of the engineer's report required in connection with the petition (apparently the "preliminary survey" specified in Minn. St. 106.071, subd. 1, and 106.081, subd. 1), the board of county commissioners, in an order dated March 5, 1968, dismissed the petition, stating that "said proposed improvement is not practical and will not be of public benefit and utility."

Appellant thereafter appealed from this order to the district court, as authorized by Minn. St. 106.631, subd. 4. After a trial, the court found the order appealed from "lawful and reasonable" and entered an order affirming it. The basic issue presented on this appeal is simply whether there was adequate support for the trial court's determination that the action of the county board was not "arbitrary, unlawful, or not supported by the evidence." § 106.631, subd. 4. On the facts of this record, it is clear that the lower court's order must be sustained.

The scope of review of decisions of county boards relating to

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

construction and improvement of drainage ditches is, under applicable statutory authority, quite limited. Section 106.631, subd. 4, under which appeal to the district court was taken in this case, provides in relevant part:

"* * * The court shall examine the whole matter and receive evidence to determine whether the findings made by the county board can be sustained. At such trial the findings made by the county board shall be prima facie evidence of the matters therein stated, and the order of the county board shall be deemed prima facie reasonable. If the court shall find that the order appealed from is lawful and reasonable, it shall be affirmed. If the court finds that the order appealed from is arbitrary, unlawful, or not supported by the evidence, it shall make such order to take the place of the order appealed from as is justified by the record before it or remand such matter to the county board for further proceeding before the board."

Previous decisions of this court have recognized that in matters involving construction and improvement of drainage facilities a substantial amount of discretion must of necessity remain with the county board or other governmental body initially having jurisdiction over the matter. We recently stated in In re Petition of Black, 283 Minn. 86, 88, 167 N. W. (2d) 147, 149:

"* * * 'The question of the necessity and propriety of proceedings of this character, including the necessity and propriety of draining particular tracts of land,' as we said in State ex rel. Boetcher v. Nelson, 137 Minn. 265, 273, 161 N. W. 714, 163 N. W. 510, 513, 'is one that is addressed to the judgment and discretion of the tribunal having jurisdiction of the matter, whose conclusions will be disturbed by the courts only when the evidence, taken as a whole, furnishes no legal basis for the decision of such tribunal.' "

See, also, State ex rel. Boetcher v. Nelson, 137 Minn. 265, 273, 161 N. W. 714, 163 N. W. 510, 513; 6 Dunnell, Dig. (3 ed.) § 2835e.

In the present case, the county board, in its order of dismissal, determined that the "proposed improvement is not practical and will not be of public benefit and utility." On appeal to the district court, testimony was given that the estimated cost of the proposed improvement was $49,800. There was testimony tending to show that the need for the proposed improvement was not great, since flooding had occurred only infrequently after extremely heavy rains and then only upon certain lands which were immediately adjacent to the main ditch and which formerly had been a slough. There was testimony by one adjacent landowner that he had never lost a crop due to flooding, and there was no testimony that any of the petitioning landowners had ever lost crops due to flooding. There was some indication that certain culverts and farm crossings had suffered damage during periods of heavy rain, but there was testimony by respondent's engineer that the proposed improvement did not provide a practical solution to that problem. In light of such evidence, we cannot conclude that the district court was in error in holding that the county board's order was not arbitrary, unlawful, nor unsupported by the evidence.

Both parties to this appeal have devoted considerable attention to the collateral issue of whether the engineer, in making the preliminary survey conducted pursuant to appellant's petition for improvement, exceeded his authority by including in his survey land located outside the previously established watershed area. Minn. St. 106.081, subd. 4, provides, in essence, that the engineer shall confine his preliminary survey to the drainage area described in the petition.

Under our view of this case, the relevance of this second issue is not apparent. Since the order of dismissal of the county board was based expressly upon considerations of practicality and public benefit and utility, and not upon any alleged departure from authority by the engineer, it seems that the propriety of said dismissal is entirely independent of this issue, so that resolution of this disputed issue would not influence our decision respecting

the order from which the present appeal was taken. Hence, we deem further discussion of this issue unnecessary, and the order of the district court is accordingly affirmed.

Affirmed.