IN RE LATERAL 2-A OF JUDICIAL DITCH NO. 36, REDWOOD AND BROWN COUNTIES. ARNOLD J. BAUER AND ANOTHER v. REDWOOD COUNTY.

185 N. W. (2d) 701.

April 2, 1971—No. 42547.

*Everett L. Young* and *Terence M. Dempsey*, for appellants. *Paul Ter Steeg*, for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

PETERSON, JUSTICE.

This is an appeal from an order of the district court affirming an order of the county board of Redwood County establishing and ordering the construction of Lateral 2-A of Judicial Ditch No. 36 of Redwood and Brown Counties.

The sole issue is whether the engineer, in making his preliminary survey and report under Minn. St. 106.081, made such substantial changes in the drainage plan proposed in the petition as to render the drainage proceedings invalid.

On October 6, 1967, appellants, Arnold J. Bauer and Frances E. Bauer, along with other landowners petitioned for the establishment of a lateral ditch to drain certain described lands located in Sections 13, 14, 23, and 24, Township 111 N., Range 37 W., Redwood County. As required by Minn. St. 106.031, the petition described the starting point, the general course, and the terminus of the proposed lateral.

Following his appointment, the engineer took aerial photographs of the land, mapped the watershed, and made a preliminary survey to determine the best route for the proposed ditch. The watershed, as mapped, is located entirely within Sections 13, 14, 23, and 24, and includes, in addition to lands described in the petition, farm lands owned by petitioners but not described in the petition, farm land not owned by any of the petitioners, and part of the village of Wabasso, which is located in the southeast quarter of Section 23.

After mapping the watershed and making his preliminary survey, the engineer designed a ditch, with branches, to fit the needs of the watershed, i. e., to provide drainage for lands within the watershed but not described in the petition as well as for lands described in the petition. The engineer specifically suggested tiling certain land to alleviate a water problem on Frances E. Bauer's land caused by the discharge of surface waters from the village of Wabasso to the southwest which flowed naturally in a northeast direction onto her land. The engineer submitted this preliminary plan on June 27, 1968.

Thereafter, the engineer determined that the laying of tile would not fully protect Mrs. Bauer's land from the village runoff and that it was necessary and more feasible to substitute an extension of the proposed open ditch, which incidentally would be

less expensive than tiling. The engineer submitted the revised preliminary plan on September 24, 1968.

On November 18, 1968, the county board held a hearing on the engineer's revised preliminary report and ordered the engineer to make a detailed survey. The engineer's final report, filed May 7, 1969, is identical to the revised preliminary report. On November 4, 1969, the board adopted this final report. Only two of the petitioners, Arnold J. Bauer and Frances E. Bauer, appealed to the district court from the board's decision. The district court affirmed.

In determining whether the engineer, in making his preliminary survey and report under Minn. St. 106.081, made such substantial changes in the drainage plan proposed in the petition as to render the drainage proceedings invalid, we must be mindful of the function served by the engineer's preliminary survey and report and of its relation to the total statutory scheme in regard to drainage proceedings.

It seems obvious that when landowners petition for the establishment of a drainage system, they do not know precisely what lands are within the watershed and should be drained, nor the most practicable course of the ditch, nor the most effective method of construction. The determination of these matters requires the special expertise and professional experience which the engineer has.[1] Minn. St. 106.081 provides for it. To unduly restrict the engineer in making this determination would only frustrate the statutory purpose of the preliminary survey and report.[2]

On the other hand, the statute does not give the engineer a roving commission to plan drainage improvements.[3] Under the statute, the petition limits subsequent proceedings so that, while an engineer may modify the proposed plan for the purpose of

---

[1] Janssen v. County of Chippewa, 256 Minn. 182, 98 N. W. (2d) 239; In re Judicial Ditch No. 35, 152 Minn. 352, 188 N. W. 1015; State ex rel. Pederson v. Watts, 116 Minn. 326, 133 N. W. 971.

[2] Janssen v. County of Chippewa, *supra.*

[3] State ex rel. Pederson v. Watts, *supra.*

providing the drainage requested, he may not substantially change the drainage plan. He clearly may not extend the survey to embrace lands not within the watershed of the lands described in the petition, "lest petitioners who may have intended and requested only a modest drainage project of a circumscribed marshy flat, awake to find themselves liable on their bond for the cost of an extensive survey of the hills and highlands of adjacent townships to be covered by tiled laterals."[4]

State ex rel. Boetcher v. Nelson, 137 Minn. 265, 163 N. W. 510, and In re Judicial Ditch No. 9, 167 Minn. 10, 208 N. W. 417, although decided under earlier statutes governing drainage proceedings, are illustrative of the approach we have taken in these situations. In the former case, the petition proposed a main ditch of 11 miles in length, and the engineer extended this main ditch 7 miles in his report. The reason for the extension was to embrace all lands within the particular watershed; if this had not been done, the lands not within the project as petitioned would have cast their surplus waters down upon the drained land and thus have rendered the whole proceeding useless. We held that the extension was within the engineer's authority. In the latter case, the engineer included lands the drainage of which had no relation to the drainage of the lands in the petition other than that the water therefrom was to be discharged through the same outlet. We affirmed an order of the district court affirming the county board's refusal to establish the ditch.

The scope of judicial review, of course, is limited. As we stated recently in In re Petition for Improvement of County Ditch No. 13, 289 Minn. 108, 110, 182 N. W. (2d) 715, 716, "in matters involving construction and improvement of drainage facilities a substantial amount of discretion must of necessity remain with the county board or other governmental body initially having jurisdiction over the matter." See, also, In re Petition of

---

[4] State ex rel. Nepp v. District Court, 140 Minn. 375, 379, 168 N. W. 184, 186.

74

Black, 283 Minn. 86, 88, 167 N. W. (2d) 147, 149; State ex rel. Boetcher v. Nelson, 137 Minn. 265, 273, 161 N. W. 714, 163 N. W. 510, 513.

We cannot hold that the evidence, taken as a whole, furnishes no legal basis for the decision of the county board or that the engineer's preliminary survey and report constituted so substantial a change in the drainage plan proposed by the petitioners as to invalidate the drainage proceedings. The engineer merely modified the proposed plan to the extent necessary, in his expert opinion, to achieve the petitioners' drainage objective. It was deemed necessary to include other land within the watershed, although outside the area specified in the petition, to effect drainage from the land of petitioners, especially the lands of appellants. We must, in response to the stated principles relating to construction and improvement of drainage ditches, affirm the district court order.

Affirmed.