**Harold E. KOLANDER, Appellant**

v.

**MIDDLE DES MOINES WATERSHED DISTRICT, JACKSON COUNTY,**
Respondent,

**Paul Daberkow, Respondent,**

**Jerry Daberkow, and Clyde Daberkow, Respondents.**

No. C2–84–106.

Court of Appeals of Minnesota.

Aug. 21, 1984.

LaMar Piper, Piper, Sunde, Olson & Koch, St. James, for Harold E. Kolander.

James H. Malecki, Gislason, Dosland, Hunter, & Malecki, New Ulm, Frederick C. Brown, Jr., Larry D. Espel, Popham, Haik, Schonbrich, Kaufman & Doty, Ltd., Minneapolis, for Middle Des Moines Watershed Dist., Jackson County.

Richard Berens, Johnson, Berens & Wilson, Fairmont, for Paul Daberkow.

Paul Stoneberg, Blaufuss & Stoneberg, Ltd., Marshall, for Jerry Daberkow and Clyde Daberkow.

Considered and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Harold Kolander appeals from a summary judgment dismissing his multiple claims of negligence, strict liability, violation of public trust, denial of constitutional rights, unreasonable use, nuisance, trespass and breach of implied contract, seeking injunctive relief, compensatory and punitive damages. Defendant Middle Des Moines Watershed District was dismissed. We affirm.

## FACTS

Kolander farms at the outlet end of a judicial ditch which was established in 1914 as a tile ditch in Jackson County. Defendants Daberkow farm on land adjacent to Kolander's in the drainage area served by the same judicial ditch. In 1955, the Jackson County Board of Commissioners converted the ditch into an open ditch. From 1955 to commencement of this action, Kolander and his father had initiated a number of actions relating to the ditch, all of which ended unsuccessfully for them. His present action seeks multiple statutory and common law remedies, generally upon the theory that the matter should be decided by application of the "reasonable use" doctrine for all water problems.

The trial court dismissed Kolander's prayer for relief on the ground his exclusive remedy lies in ditch law proceedings pursuant to the provisions of Minn.Stat. Ch. 106.

## ISSUE

Is the relief provided by Minn.Stat. Ch. 106 the exclusive remedy for a landowner, within a judicial ditch system, claiming damages on an allegation the system is overburdened?

## ANALYSIS

Kolander's lands lie in an established judicial ditch watershed. The judicial ditch system was properly established in 1914. Anyone within the system who has any complaints as to its effectiveness must proceed under the provisions of Minn.Stat. Ch. 106.

Examination of the various drainage statutes indicates that the legislature contemplated that it would be necessary from time to time to enlarge the capacity of various systems constructed thereun-

der. Section 106.501 was enacted for the purpose of meeting such a situation. *In re Petition for Improvement of Co. Ditch No. 3, Martin Co.*, 239 Minn. 126, 128, 58 N.W.2d 61, 62 (1953). *See also Warmka v. Root*, 260 N.W.2d 183 (Minn. 1977).

Kolander's claims, regardless of how they are labeled in his pleadings, can only be asserted in a chapter 106 proceeding.

## DECISION

Kolander's claim of damage from an overburdened judicial ditch must proceed in accordance with the provisions of Minn. Stat. Ch. 106.

Affirmed.